COPY



FILED
CLERK, U.S. DISTRICT COURT

NOV 21 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

1  Rafael G. Nendel-Flores, Bar No. 223358
   rafael.nendelflores@ogletreedeakins.com
2  Allison Eckstrom, Bar No. 217255
   allison.eckstrom@ogletreedeakins.com
3  Lara C. de Leon, Bar No. 270252
   lara.deleon@ogletreedeakins.com
4  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
5  695 Town Center Drive
   Costa Mesa, CA  92626
6  Telephone:  714.800.7900
   Facsimile:   714.754.1298
7
   Attorneys for Defendant CROSSMARK, INC.
8
9            IN THE UNITED STATES DISTRICT COURT
10           FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
   GAYLE SMITH, an individually, and on          Case No.  CV13-08624-R (VBKx)
12 behalf of other members of the general
   public similarly situated,
13
              Plaintiff,                          DEFENDANT CROSSMARK, INC.'S
14                                                NOTICE OF REMOVAL
        vs.
15                                                Action Filed:    October 9, 2013
   CROSSMARK, INC., a Delaware                    Date Removed:    November 21, 2013
16 Corporation, and DOES 1-10, inclusive,         Trial Date:      None Set
17            Defendant.
18
19
20
21
22
23
24
25
26
27
28

                                   1
              DEFENDANT CROSSMARK, INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF GAYLE SMITH AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant CROSSMARK, Inc. ("CROSSMARK" or "Defendant"), by and through its undersigned counsel, hereby removes this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1453. In support of such removal, Defendant states as follows:

1. Plaintiff filed this civil action in the Superior Court of Los Angeles County, State of California ("Superior Court"), on or about October 9, 2013 (the "Action"). The Action was assigned Case No. BC523981. Plaintiff served CROSSMARK with the Complaint via its registered agent on October 22, 2013. Copies of the Summons and Complaint and supporting papers are attached hereto as **Exhibit A**. Defendant timely filed an Answer and Affirmative Defenses ("Answer") to the Complaint on November 20, 2013. A copy of the Answer is attached hereto as **Exhibit B**. Defendant is unaware of any other documents on file with the Superior Court in this action. This Notice of Removal is timely as it was filed within 30 days of service of the Complaint.

2. The Action was pending in the Superior Court which is in the territory of United States District Court for the Central District of California, Western Division ("Central District").

3. Under the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated controversy exceeds $5 million. 28 U.S.C. §§ 1332(d)(2) and (d)(6). This Action is one over which this Court has original jurisdiction under 28 U.S.C. §1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. §§ 1441 and 1453, because: (1) the number of putative class members in the plaintiff class exceeds 100; (2) the amount in controversy exceeds $5 million; and (3) there exists minimal diversity between the

1

1  plaintiff and defendant. 28 U.S.C. § 1332(d)(2), (6).

2      4.    The *Mitchell* class-action settlement.    CROSSMARK previously
3  litigated and settled a class action lawsuit in the Central District involving the same
4  putative class and overlapping wage-and-hour claims as alleged by Plaintiff in
5  *Mitchell v. CROSSMARK, Inc. et. al*, Case No. CV 11- 2818-JAK (FMOx)
6  (hereinafter, "*Mitchell*").    A true and correct copy of the Joint Stipulation of
7  Settlement and Release in the *Mitchell* action is attached hereto as **Exhibit C**.
8  Specifically, the operative complaint in *Mitchell* alleged "causes of action under the
9  California Labor Code and Business & Professions Code:  violation of Labor Code
10  §§ 201-203 for failure to pay wages due at separation of employment, Labor Code §
11  204 for failure to pay all wages timely throughout the course of employment, Labor
12  Code §§ 510 and 1194 for failure to pay all wages due for time spent driving
13  between work locations, Labor Code § 226 and IWC Wage Order 4-2001(7) for
14  failure to issue accurately itemized employee wage statements, Labor Code § 2802
15  for failure to fully reimburse employee business expenses incurred in the discharge
16  of their employment duties, including while driving for work purposes, and violation
17  of Bus. & Prof. Code §§ 17200 *et seq*.  Plaintiff s[ought] damages, restitution, civil
18  penalties under PAGA, and injunctive relief." (*Mitchell* Settlement Agreement at ¶
19  II.34).  The Settlement Class in *Mitchell* was comprised of "all persons who are,
20  have been or will be employed by Defendants in the State of California as an hourly,
21  non-exempt employee from October 8, 2006 through the date of Preliminary
22  Approval of this Settlement." (*Mitchell* Settlement Agreement ¶ I.3).  The Court in
23  *Mitchell* granted preliminary approval of the Settlement on February 27, 2012 and
24  final approval of the Settlement on June 25, 2012.   Given the preclusive effect of
25  *Mitchell* on Plaintiff's lawsuit, the alleged claims in the Complaint are limited to the
26  period from February 28, 2012 to the present. *See, e.g., Hesse v. Sprint Corporation*,
27  598 F.3d 581 (9th Cir. 2010); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d
28  741 (9th Cir. 2006); *Kourtis v. Cameron*, 419 F.3d 989, 994 (9th Cir. 2005); *see also*

2

*See Villacres v. ABM Industries Inc.*, 189 Cal. App. 4th 562 (2010).

5.      The putative class consists of more than 100 members.  Plaintiff seeks to bring this action on behalf of "all non-exempt or hourly paid who have been employed by DEFENDANT in the State of California in the position of Territory Retail Representative, Merchandiser,[1] Data Collector or those positions with similar duties and/or titles, within four years prior to the filing of this complaint until resolution of this lawsuit." (Complaint at ¶14).

6.      Defendant CROSSMARK's records indicate that at least 1,778 individuals were employed as non-exempt or hourly Retail Representatives and/or Data Collectors in California by CROSSMARK from February 28, 2012 to the present.      (Declaration of Melanie Stewart filed concurrently herewith ("Stewart Decl.") ¶ 3).  As alleged, all of these individuals are potential members of the putative classes.  Therefore, this action is a class action pursuant to 28 U.S.C. § 1332(d).

7.      Minimal diversity exists between the parties.  The named plaintiff is alleged to be a resident of California. (Complaint at ¶5.)  Based on Defendant CROSSMARK's records, at all times during her employment with Defendant CROSSMARK, the named plaintiff maintained an address in California.  (Stewart Decl. ¶ 9.) Members of the putative class, who are or were employed in California, are presumed to be primarily citizens of the State of California.      Defendant CROSSMARK was, at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Delaware.  (Declaration of John A. Thompson, ¶ 3.) Its principal place of business was, at the time of the filing of this action, and still is, in the State of Texas. (*Id.* at ¶ 4.)  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has

---

[1] Defendant CROSSMARK does not use the term "merchandiser" internally, but on information and belief, the term "merchandiser" is an industry word that refers to retail representatives. (*See* Stewart Decl. at ¶ 3.)

3

been incorporated and of the State where it has its principal place of business." CROSSMARK's principal place of business and current operations are located in the state of Texas because its headquarters, and its executive and senior management personnel, as well as its primary management operations, are located in Texas. (*Id.* at ¶ 5). *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1093 (9th Cir. 1990) (providing that where a corporation does business in a number of states and does not conduct the substantial predominance of its business in any single one, the state where corporate headquarters is located is the corporation's principal place of business); *Hertz Corp. v. Friend*, 130 S.Ct. 1181 (2010) (in determining the principal place of business of a corporation for purposes of diversity jurisdiction, the "'principal place of business' [as contained in § 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Accordingly, CROSSMARK is not a citizen of the State of California.

8.     Because Plaintiff is a resident of California and CROSSMARK is not, the minimal diversity requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

9.     <u>The amount in controversy for all putative class members exceeds $5 million</u>. While Defendant denies the validity of Plaintiff's claims and requests for relief, the facial allegations in the Complaint and the *alleged damages* of Plaintiff exceeds the jurisdictional minimum. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (finding that facts presented in the notice of removal, combined with plaintiff's allegations, were sufficient to support finding of jurisdiction); *DeAguillar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (stating that "defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount"); *accord Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *White v. FCI USA, Inc.*, 319 F.3d 672, 674 (5th Cir. 2003) (facially apparent from the lengthy list of damages, combined with a claim for attorney's fees, that plaintiff's claim exceeded the jurisdictional threshold).

4

Defendant discusses *infra* the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $5,000,000.00. In doing so, Defendant does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover under any of her theories.

10.    In determining the amount in controversy for CAFA, all potential damages based on the claims in the Complaint, as well as attorney's fees, are included. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) (unspecified attorney's fees are appropriately counted toward the amount in controversy in CAFA removal actions); *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *3 (E.D. Cal., May 1, 2007) (slip copy) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiffs on all claims made in the complaint.").

11.    Plaintiff's Complaint asserts causes of action against Defendant for alleged violations of California Labor Code §§ 1194, 223, 510, 1198, 226.7(a), 512(a), 226(a), 2800, 2802, 202, 203, and California Business and Professions Code § 17200. (Complaint, generally). Plaintiff seeks, *inter alia*, unpaid minimum wages, unpaid overtime wages, unpaid missed meal and rest period premiums, unpaid business-related expenses, statutory penalties, and attorneys' fees on behalf of herself and the putative class members. (*See generally* Complaint, Prayer for Relief).

12.    As noted above, CROSSMARK employed at least 1,778 individuals as non-exempt or hourly Retail Representatives and/or Data Collectors in California from February 28, 2012 to the present. (Stewart Decl. ¶ 3.) From February 28, 2012 to October 21, 2013 (*i.e.*, thirty (30) days prior to the filing of this removal petition), 994 putative class members ended their employment with CROSSMARK. (Stewart Decl. ¶ 4).

13.     All of CROSSMARK's non-exempt employees working in California are paid on a weekly basis (*i.e.*, 52 times per year).  (Stewart Decl. ¶ 6).  From October 9, 2012, through the to the present (which is only one year prior to the filing of the instant lawsuit), the putative class received 46,014 weekly wage statements for weeks worked and earned an average hourly wage of $11.34.  (Stewart Decl., ¶¶ 5, 7.)

14.     <u>Unpaid wages for "off-the-clock" work.</u>  In her Complaint, Plaintiff alleges that CROSSMARK required Plaintiff and the putative class to engage in numerous daily tasks while "off-the-clock," including (a) answering emails, (b) downloading schedules, project assignments, and instructions before the workday, and (c) uploading questionnaires, digital pictures, comments and reports after the workday.  (Complaint, ¶¶ 21-25.)  Plaintiff further alleges that "[t]hese unpaid job requirements took between *one (1) to four (4) or more hours to complete each day.*" (*Id.* at ¶ 25 (emphasis added).)  Based on these allegations, Plaintiff seeks unpaid wages for herself and the putative class.  Assuming conservatively that each putative class member worked one (1) hour "off the clock" each workday (*i.e.*, five unpaid hours each workweek) from only October 9, 2012 through the present, the total amount of unpaid wages is at least **$2,608,993.80** (*i.e.*, 5 hours x $11.34 per hour x 46,014 weekly wage statements for weeks worked).

15.     <u>Inaccurate Wage Statement Statutory Penalties.</u>  In addition, Plaintiff alleges that CROSSMARK failed to provide employees with complete and accurate wage statements that included the total number of hours worked by Plaintiff and the putative class.  (Complaint, ¶ 93.)  Further, as discussed *supra*, Plaintiff alleges that she and the putative class worked between one to four "off-the-clock" hours per week which, by definition, were not reflected on Plaintiff and the putative class' respective wage statements. (*Id.* at ¶¶ 21-25.)  Based on these allegations, Plaintiff seeks statutory penalties for herself and the putative class pursuant to Labor Code section 226(e)(1) which provides for a $50.00 statutory penalty per wage statement

6

"for the initial pay period in which a violation occurs" and a $100 statutory penalty per wage statement "for each violation in a subsequent pay period." As is discussed *supra*, all of CROSSMARK's non-exempt employees working in California are paid on a weekly basis (*i.e.*, 52 times per year). (Stewart Decl. ¶ 6). Further, as is also discussed *supra*, between October 9, 2012 and November 18, 2013, CROSSMARK issued a total of 46,014 weekly wage statements to Plaintiff and the putative class. (Stewart Decl., ¶ 7). Assuming conservatively that Plaintiff and the putative class would seek only a $50.00 statutory penalty for each allegedly inaccurate wage statement, the total amount of statutory penalties potentially available to Plaintiff and the putative class is **$2,300,700.00** (46,014 wage statements x $50.00 statutory penalty per wage statement).

16.   <u>Waiting-time penalties.</u>   Plaintiff's Complaint also alleges that CROSSMARK failed to timely pay all wages due employees at the time of termination in violation of Labor Code Section 203. (Complaint, ¶¶ 108-110.) Labor Code Section 203 provides that "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Based on the number of employees whose employment ended from February 28, 2012 to October 21, 2013 (*i.e.*, 30 days prior to the filing of this removal petition), the total amount of waiting-time penalties potentially due all terminated employees is **$2,705,270.40** (*i.e.*, 8 hours per day x $11.34 per hour x 30 days x 994 terminated employees).

17.   Plaintiff's Complaint also seeks numerous other forms of compensatory damages, penalties, and attorneys' fees for unpaid overtime (Third Cause of Action), unpaid meal and rest break premiums (Fourth and Fifth Causes of Action), and unpaid business-related expenses (Seventh Cause of Action). Although including these damages, penalties, and fees would significantly increase the amount in

7

1  controversy, in an effort to be conservative, CROSSMARK has not included these
2  claims in its removal petition.

3      18.    The total amount in controversy, limited only to Plaintiff's claims for
4  unpaid wages due to working "off-the-clock", statutory penalties for allegedly
5  inaccurate wage statements and waiting-time-penalties discussed above, is
6  **$7,614,964.42**.  Although Defendant specifically denies Plaintiff's claims and denies
7  that Plaintiff will recover any of the relief she seeks, it is clear from the scope of the
8  relief sought that the amount in controversy arising from Plaintiff's Complaint
9  exceeds the $5,000,000.00 jurisdictional threshold for removal under CAFA. *See* 28
10  U.S.C. § 1332(d).

11      19.    As required by 28 U.S.C. §1446(d), a copy of the original Notice of
12  Removal will be filed with the Superior Court for the County of Los Angeles.  A true
13  and correct copy of the Notice of Removal, to be filed in Los Angeles County
14  Superior Court, without the exhibits, is attached hereto as **Exhibit D**.

16  DATED:  November 21, 2013        OGLETREE, DEAKINS, NASH,
17                           SMOAK & STEWART, P.C.

19                           By:
20                              Rafael G. Nendel-Flores
21                              Allison Eckstrom
                            Lara C. de Leon

22                           Attorneys for Defendant CROSSMARK,
                           INC.

DEFENDANT CROSSMARK, INC.'S NOTICE OF REMOVAL

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>CROSSMARK, INC., a Delaware Corporation, and DOES 1-10, inclusive,<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>GAYLE SMITH, individually, and on behalf of other members of the general public similarly situated, | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>**CONFORMED COPY**<br>**ORIGINAL FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>OCT 09 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By Amber Hayes, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Los Angeles Superior Court<br>111 N. Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>*(Número del Caso):*<br>BC 523981 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kawahito Shraga & Westrick LLP., 1990 S. Bundy, Suite 280, Los Angeles, CA 90025

| DATE:<br>*(Fecha)*  OCT 09 2013   A. Clarke | Clerk, by<br>*(Secretario)*   Amber Hayes | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

OCT 09 2013

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* CROSSMARK, INC., a Delaware Corporation, and Does 1-10, inclusive

   under: ☑ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES**
Case Number _____

B C 5 2 3 9 81

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge William F. Highberger | 307 | 1402 |
| OTHER | | |

**Instructions for handling Class Action Civil Cases**

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

**APPLICATION**
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

**PRIORITY OVER OTHER RULES**
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**CHALLENGE TO ASSIGNED JUDGE**
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**TIME STANDARDS**
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**FINAL STATUS CONFERENCE**
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

**SANCTIONS**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     Sherri R. Carter, Executive Officer/Clerk

By _____Amber Hayes_____ , Deputy Clerk

)                                                    }

1   KAWAHITO SHRAGA & WESTRICK LLP
    SHAWN C. WESTRICK (BAR NO. 235313)
2   TIMOTHY P. HENNESSY (BAR NO. 286317)
    1990 S. Bundy Drive, Suite 280
3   Los Angeles, California 90025
    Phone: (310) 746-5300
4   Fax: (310) 593-2520
    E-Mail: swestrick@kswlawyers.com
5           thennessy@kswlawyers.com

6   Attorneys for Plaintiff and Class Members

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 09 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                        COUNTY OF LOS ANGELES

| | |
|---|---|
| 9  GAYLE SMITH, individually, and on behalf of<br>10  other members of the general public similarly<br>situated, | Case No.  BC523981<br><br>CLASS ACTION COMPLAINT |
| 11              Plaintiff, | (1) Violation of California Labor Code § 1194<br>(Unpaid Minimum Wage) |
| 12         vs.<br>13  CROSSMARK, INC., a Delaware Corporation,<br>and DOES 1-10, inclusive, | (2) Violation of California Labor Code § 223<br>(Failure to Pay Agreed Upon Wages) |
| 14              Defendants. | (3) Violation of California Labor Code §§ 510<br>15  and 1198 (Failure to Pay Overtime); |
| 16 | (4) Violation of California Labor Code §§<br>17  226.7(a) and 512(a) (Denial of Meal Breaks); |
| 18 | (5) Violation of California Labor Code<br>19  § 226.7(a) (Denial of Rest Breaks); |
| 20 | (6) Violation of California Labor Code §<br>226(a) (Improper Wage Statements); |
| 21<br>22 | (7) Violation of California Labor Code §§<br>2800 and 2802 (Failure to Reimburse<br>23  Incidental Expenses); |
| 24 | (8) Violation of California Labor Code §§ 202<br>and 203 (Failure to Pay Owed Wages at<br>25  Termination); |
| ant27 | (9) Violation of California Business &<br>Professions Code §§ 17200, et seq. |
| 27 | |
| 28 | Jury Trial Demanded |

Class Action Complaint

PLAINTIFF GAYLE SMITH ("PLAINTIFF"), individually and on behalf of all other members of the public similarly situated, alleges as follows:

### JURISDICTION AND VENUE

1)     This Class Action Complaint is brought pursuant to California Code of Civil Procedure § 382. The monetary damages and restitution sought by PLAINTIFF exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for the class representative, including claims for compensatory damages and pro rata share of attorney fees, is less than $75,000.

2)     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts." The statutes under which this action is brought do not specify any other basis for jurisdiction.

3)     This Court has jurisdiction over DEFENDANT CROSSMARK, INC. ("DEFENDANT") because, upon information and belief, it has sufficient minimum contacts in California or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4)     Venue is proper in this Court because, upon information and belief, the named DEFENDANT transacts business, has offices in this county, and the acts and omissions alleged herein took place in this county.

### THE PARTIES

5)     PLAINTIFF is a resident of Los Angeles County in the State of California.

6)     DEFENDANT was and is, upon information and belief, a Delaware corporation doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this county, the State of California, and/or the various states of the United States of America.

7)     PLAINTIFF is unaware of the true names or capacities of the DEFENDANTS sued

)                                            )

1    herein under the fictitious names DOES 1-10, but prays for leave to amend and serve such

2    fictitiously named DEFENDANTS pursuant to California Code of Civil Procedure § 474 once

3    their names and capacities become known.

4          8)    PLAINTIFF is informed and believes, and thereon alleges, that DOES 1-10 are the

5    partners, agents, owners, shareholders, managers or employees of DEFENDANT, and were acting

6    on behalf of DEFENDANT.

7          9)    PLAINTIFF is informed and believes, and thereon alleges, that each and all of the

8    acts and omissions alleged herein was performed by, or is attributable to, DEFENDANT and

9    DOES 1-10 (collectively "DEFENDANTS"), each acting as the agent for the other, with legal

10   authority to act on the other's behalf.  The acts of any and all DEFENDANTS were in accordance

11   with, and represent the official policy of, DEFENDANT.

12         10)   At all times herein mentioned, DEFENDANTS, and each of them, ratified each and

13   every act or omission complained of herein.  At all times herein mentioned, DEFENDANTS, and

14   each of them, aided and abetted the acts and omissions of each and all the other DEFENDANTS in

15   proximately causing the damages herein alleged.

16         11)   PLAINTIFF is informed and believes, and thereon alleges, that each of said

17   DEFENDANTS is in some manner intentionally, negligently or otherwise responsible for the acts,

18   omissions, occurrences and transactions alleged herein.

19                          **CLASS ACTION ALLEGATIONS**

20         12)   PLAINTIFF brings this action on her own behalf, as well as on behalf of each and

21   all other persons similarly situated, and thus seeks class certification under California Code of

22   Civil Procedure § 382.

23         13)   All claims alleged herein arise under California law for which PLAINTIFF seeks

24   relief authorized by California law.

25         14)   The proposed class is comprised of and defined as:

26               All non-exempt or hourly paid employees who have been employed by

27               DEFENDANT in the State of California in the position of Territory Retail

28

- 2 -
Class Action Complaint

1    Representative, Merchandiser, Data Collector, or those positions with similar duties

2    and/or similar titles, within four years prior to the filing of this complaint until

3    resolution of this lawsuit.

4        15)    There is a well-defined community of interest in the litigation and the class is easily

5    ascertainable:

6        a.    Numerosity:  The members of the class are so numerous that joinder of all

7    members would be unfeasible and impractical.  The membership of the entire class is unknown to

8    PLAINTIFF at this time, however, the class is estimated to be greater than 50 individuals and the

9    identity of such membership is readily ascertainable by inspection of DEFENDANT'S

10   employment records.

11       b.    Typicality:  PLAINTIFF is qualified to, and will, fairly and adequately

12   protect the interests of each class member with whom she has a well-defined community of

13   interest, and PLAINTIFF'S claims (or defenses, if any) are typical of all class members' as

14   demonstrated herein.

15       c.    Adequacy:  PLAINTIFF is qualified to, and will, fairly and adequately,

16   protect the interests of each class member with whom she has a well-defined community of

17   interest and typicality of claims, as demonstrated herein.  PLAINTIFF acknowledges that she has

18   an obligation to make known to the Court any relationship, conflicts or differences with any class

19   member.  PLAINTIFF'S attorneys and the proposed class counsel are versed in the rules

20   governing class action discovery, certification, and settlement.  PLAINTIFF has incurred, and

21   throughout the duration of this action will continue to incur, costs and attorneys' fees that have

22   been, are, and will be necessarily expended for the prosecution of this action for the substantial

23   benefit of each class member.

24       d.    Superiority:  The nature of this action makes the use of class action

25   adjudication superior to other methods.  A class action will achieve economies of time, effort and

26   expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same

27   issues can be adjudicated in the same manner and at the same time for the entire class.

28

1          e.     <u>Public Policy Considerations</u>: Employers of this state violate employment

2 and labor laws every day.  Current employees are often afraid to assert their rights out of fear of

3 direct or indirect retaliation.  Former employees are fearful of bringing actions because they

4 believe their former employers may damage their future endeavors through negative references

5 and/or other means.  Class actions provide the class members who are not named in the complaint

6 with a type of anonymity that allows for the vindication of their rights while protecting their

7 privacy.

8        16)     There are common questions of law and fact as to the class that predominate over

9 questions affecting only individual members, including but not limited to:

10          a.     Whether DEFENDANT'S failure to pay wages, without abatement or

11 reduction, in accordance with the California Labor Code, was willful;

12          b.     Whether DEFENDANT deprived PLAINTIFF and the other class members

13 of meal periods or required PLAINTIFF and the class members to work during meal periods

14 without compensation pursuant to California Labor Code section 226.7;

15          c.     Whether DEFENDANT deprived PLAINTIFF and the other class members

16 of rest periods or required PLAINTIFF and the class members to work during rest periods without

17 compensation pursuant to California Labor Code section 226.7;

18          d.     Whether DEFENDANT complied with wage reporting as required by the

19 California Labor Code; including but not limited to section 226;

20          e.     Whether DEFENDANT did not reimburse, and/or failed to reimburse

21 correctly, PLAINTIFF and other class members for out of pocket expenses actually and

22 necessarily incurred while discharging their duties pursuant to California Labor Code section 2800

23 and 2802;

24          f.     Whether DEFENDANT failed to pay all overtime owed to PLAINTIFF and

25 the other class members;

26          g.     Whether DEFENDANT engaged in unfair business practices in violation of

27 California Business & Professions Code sections 17200, et seq.; and,

28

)                                            )

1      h.      The appropriate amount of damages, restitution, or monetary penalties

2  resulting from DEFENDANT'S violations of California law.

3                        **GENERAL ALLEGATIONS**

4      17)    At all times set forth, DEFENDANT employed PLAINTIFF and other persons as

5  non-exempt or hourly paid employees.

6      18)    DEFENDANT provides a merchandising service for product manufactures.  This

7  entails sending Territory Retail Representatives from store to store to help ensure that clients'

8  products are stocked and displayed in the required manner and that current promotions are being

9  followed.

10     19)    DEFENDANT currently employs PLAINTIFF as a Territory Retail Representative

11 at DEFENDANT'S Anaheim, California business location.  PLAINTIFF began employment with

12 DEFENDANT on or around January of 2012.

13     20)    DEFENDANT pays PLAINTIFF and other class members a flat hourly rate.

14     21)    In order for PLAINTIFF and other class members to be prepared for their workday,

15 DEFENDANT required PLAINTIFF and other class members, while off-duty and not being paid,

16 to log onto the CROSSMARK website to answer emails and download schedules, project

17 assignments and instructions needed for each workday.

18     22)    PLAINTIFF and other class members could only learn of their daily and weekly

19 projects, as well as necessary instructions, through logging onto the CROSSMARK website.

20     23)    After PLAINTIFF and other class members would leave their last assignment, and

21 were considered "off the clock" and not being paid, DEFENDANT required that PLAINTIFF and

22 other class members log onto the CROSSMARK website to upload questionnaires, digital

23 pictures, comments, and reports of PLAINTIFF and class members' completed work.

24     24)    DEFENDANT did not consider the assigned daily tasks complete until

25 PLAINTIFF and other class members uploaded the required materials.  It was mandatory.

26     25)    DEFENDANT did not compensate PLAINTIFF and other class members for the

27 hours spent on the CROSSMARK website downloading assignment information before the

28

1 workday and uploading project related questionnaires and photos of completed work after each

2 workday. These unpaid job requirements took between one (1) to four (4) or more hours to

3 complete each day.

4     26)     DEFENDANT also did not account for these hours when calculating overtime.

5     27)     DEFENDANT did not reimburse, or failed to reimburse correctly, PLAINTIFF and

6 other class members for out of pocket expenses actually and necessarily incurred while

7 discharging their duties. This includes, but is not limited to: money spent on paper needed to print

8 daily reports; money spent on digital cameras needed to take pictures of completed projects;

9 money spent on cell phone service needed to respond to calls in the field throughout the day;

10 money spent on obtaining internet service needed to download and upload required materials; and,

11 mileage accumulated on their personal vehicles that were used throughout the course of the work-

12 day.

13     28)     DEFENDANT set a "budgeted" or "projected" number of hours that PLAINTIFF

14 and other class members were permitted to spend on completing daily projects at retail stores.

15     29)     The tasks at retail stores that PLAINTIFF and other class members were required to

16 complete regularly took longer than the number of hours that DEFENDANT prescribed for the

17 tasks, often resulting in PLAINTIFF and other class members working more than eight (8) hours

18 in a day or forty (40) hours in a work week.

19     30)     DEFENDANT would not voluntarily pay any overtime incurred due to having to

20 work beyond the allotted time. PLAINTIFF would have to request an adjustment for the actual

21 time already worked, which was subject to approval by a supervisor. PLAINTIFF is informed and

22 believes that several times these adjustments were denied.

23     31)     PLAINTIFF is informed and believes, and thereon alleges, that at all times herein

24 mentioned, DEFENDANT was advised by skilled lawyers, professionals, employees, and

25 knowledgeable advisors about California labor and wage law, employment and personnel

26 practices, and about the requirements of California law.

27     32)     PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT

28

1  knew or should have known that PLAINTIFF and other class members were entitled to receive all
2  the wages owed to them for the total number of hours worked.

3       33)    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
4  knew or should have known that PLAINTIFF and other class members were entitled to receive
5  overtime pay for all remuneration.

6       34)    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
7  knew or should have known that PLAINTIFF and other class members were entitled to receive all
8  meal breaks or payment of one hour of pay at PLAINTIFF and class members' regular rate of pay
9  when a meal break was missed.

10      35)    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
11 knew or should have known that PLAINTIFF and other class members were entitled to receive all
12 rest breaks or payment of one hour of pay at PLAINTIFF and class members' regular rate of pay
13 when a rest break was missed.

14      36)    PLAINTIFF is informed and believes, and thereon alleges, that DEFENDANT
15 knew or should have known that PLAINTIFF and other class members were entitled to receive
16 complete and accurate wage statements in accordance with California law.

17      37)    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein
18 mentioned, DEFENDANT knew or should have known that it had a duty to fully compensate
19 PLAINTIFF and other members of the class for expenses actually and necessarily incurred while
20 discharging their duties.

21      38)    PLAINTIFF is informed and believes, and thereon alleges, that at all times herein
22 mentioned, DEFENDANT knew or should have known that it had a duty to compensate
23 PLAINTIFF and other members of the class and had the financial ability to pay such
24 compensation, but willfully, knowingly and intentionally failed to do so.

25      39)    DEFENDANT continues to employ non-exempt or hourly paid employees within
26 California.

27      40)    California Labor Code section 218 states that nothing in Article 1 of the Labor
28

1   Code shall limit the right of any wage claimant to "sue directly...for any wages or penalty due him

2   [or her] under this article."

3        41)    Pursuant to California Labor Code section 2699.3, PLAINTIFF provided written

4   notice to the Labor and Workforce Development Agency; stating the specific alleged violations of

5   the Labor Code and facts that support said allegations as well as informing the Labor and

6   Workforce Development Agency that PLAINTIFF would seek to recover all civil penalties

7   pursuant to California Labor Code section 2698 *et seq.*

8                    **FIRST CAUSE OF ACTION**

9              **Violation of California Labor Code § 1194**

10       42)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

11   material allegations set out in paragraphs 1 through 41.

12       43)    California Labor Code section 218 authorizes employees to sue directly for any

13   wages or penalties due to them under the Labor Code.

14       44)    California Labor Code section 1194 provides that notwithstanding any agreement

15   to work for a lesser wage, any employee receiving less than the legal minimum wage applicable to

16   the employee is entitled to recover in a civil action the unpaid balance of the full amount of the

17   applicable minimum wage, including interest thereon, reasonable attorneys' fees, and the costs of

18   the lawsuit.

19       45)    During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

20   and other class members the applicable minimum wage for the total number of hours spent

21   completing assigned daily projects, as well as the time spent downloading and uploading required

22   and necessary information from the CROSSMARK website while off the clock.

23       46)    DEFENDANT'S willful failure to pay PLAINTIFF and other class members their

24   applicable minimum wages for each hour worked during the workweek is in violation of

25   California Labor Code section 1194, and is therefore unlawful.

26       47)    Pursuant to California Labor Code section 1194, PLAINTIFF and other class

27   members are entitled to recover their unpaid minimum wages, as well as interest, costs and

28

1     attorneys' fees.

2        48)     Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

3     class members are entitled to recover all civil penalties owed to the Labor and Workforce

4     Development Agency.

5                       **SECOND CAUSE OF ACTION**

6                **Violation of California Labor Code § 223**

7        49)     PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

8     material allegations set out in paragraphs 1 through 48.

9        50)     California Labor Code section 218 authorizes employees to sue directly for any

10     wages or penalties due to them under the California Labor Code.

11        51)     California Labor Code section 223 provides that it is unlawful for an employer to

12     secretly pay a lower wage while purporting to pay the wage designated by contract.

13        52)     During the relevant time period PLAINTIFF and other class members contracted

14     with DEFENDANT to be paid an hourly wage for all time worked.

15        53)     During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

16     and other class members the contracted for hourly wage for the total number of hours it took them

17     to complete assigned daily tasks, instead paying them only for the prescribed number of hours that

18     DEFENDANT determined would be needed to complete the tasks.

19        54)     During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

20     and other class members the contracted hourly wage for hours spent downloading and uploading

21     required and necessary information from the CROSSMARK website while off the clock.

22        55)     DEFENDANT'S willful failure to pay PLAINTIFF and other class members their

23     contractual wages for all hours worked, as required by California laws, violates the provision of

24     the California Labor Code section 223, and is therefore unlawful.

25     Pursuant to California Labor Code section 223, PLAINTIFF and other class members are entitled

26     to recover their unpaid hourly wages and all other statutory relief available.

27        56)     Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

28

1  class members are entitled to recover all civil penalties owed to the Labor and workforce

2  Development Agency.

### THIRD CAUSE OF ACTION

#### Violation of California Labor Code § 510

57)     PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 56.

58)     California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them for overtime hours at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

59)     Specifically, the applicable IWC Wage Order provides that DEFENDANT is and was required to pay PLAINTIFF and class members employed by DEFENDANT, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

60)     The applicable IWC Wage Order further provides that DEFENDANT is and was required to pay PLAINTIFF and class members employed by DEFENDANT, and working more than twelve (12) hours in a day, overtime compensation at a rate of two times their regular rate of pay.

61)     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

62)     During the relevant time period, PLAINTIFF and class members consistently worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in

excess of forty (40) hours in a week and should have been paid overtime compensation at either time-and-one-half or two-times that person's regular rate of pay.

63)     DEFENDANT willfully failed to pay PLAINTIFF and other class members all overtime compensation owed.

64)     In the instances when DEFENDANT did pay overtime it was due to a requested adjustment by PLAINTIFF and class members when the completed projected had taken longer than the time allotted.  Approval was at the discretion of the supervisor, regardless of the fact the work has already been completed.

65)     DEFENDANT'S willful failure to pay PLAINTIFF and class members' all overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

66)     Pursuant to California Labor Code section 1194, PLAINTIFF and class members are entitled to recover their unpaid overtime compensation, as well as interest, costs and attorneys' fees.

67)     Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other class members are entitled to recover all civil penalties owed to the Labor and Workforce Development Agency.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 226.7(a) and 512(a)

68)     PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 67.

69)     At all times herein set forth, the California IWC Order and California Labor Code §§ 226.7(a) and 512(a) were applicable to PLAINTIFF and the other class members employed by DEFENDANT.

70)     At all times herein set forth, California Labor Code section 226.7(a) provided that no employer shall require an employee to work during any meal period mandated by an applicable order of the California IWC.

71)     At all times herein set forth, California Labor Code section 512(a) provided that an employer may not require, cause or permit an employee to work for a period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is not more than six (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

72)     At all times herein set forth, California Labor Code section 512(a) further provided that an employer may not require, cause or permit an employee to work for a period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total of hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

73)     During the relevant time period, PLAINTIFF and the other members of the class who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without a meal period of not less than thirty (30) minutes.

74)     During the relevant time period, PLAINTIFF and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without receiving a meal period of not less than thirty (30) minutes.

75)     During the relevant time period, PLAINTIFF and other members of the class who were required to work in excess of ten (10) hours but not longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten (10) hours without receiving a second meal period of not less than thirty (30) minutes.

76)     During the relevant time period, PLAINTIFF and the other class members who were required to work for a period of time in excess of twelve (12) hours were required to work for periods longer than ten (10) hours without receiving a meal period of not less than thirty (30)

1  minutes.

2      77)    During the relevant time period, DEFENDANT willfully required PLAINTIFF and

3  other members of the class to work during meal periods. As evidenced in the fact that

4  DEFENDANT had no system for recording when and if meal breaks were taken, nor offered times

5  during the day when they could be.

6      78)    DEFENDANT failed to compensate PLAINTIFF and members of the class for

7  work performed during meal periods at their regular rate as required by California Labor Code

8  section 226.7(b).

9      79)    DEFENDANT'S conduct violates applicable IWC Wage Orders, and California

10  Labor Code sections 226.7(a) and 512(a).

11      80)    Pursuant to California Labor Code section 226.7(b), PLAINTIFF and other

12  members of the class are entitled to recover from DEFENDANT all compensation for missed meal

13  breaks that DEFENDANT failed to pay.

14      81)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

15  class members are entitled to recover all civil penalties owed to the Labor and Workforce

16  Development Agency.

17  ### FIFTH CAUSE OF ACTION

18  ### Violation of California Labor Code §§ 226.7(a)

19      82)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

20  material allegations set out in paragraphs 1 through 81.

21      83)    At all times herein set forth, the California IWC Order and California Labor Code

22  section 226.7(a) was applicable to PLAINTIFF and other class members employed by

23  DEFENDANT.

24      84)    At all times herein set forth, California Labor Code section 226.7(a) provided that

25  no employer shall require an employee to work during any rest period mandated by an applicable

26  order of the California IWC.

27      85)    During the relevant time period, DEFENDANT required PLAINTIFF and other

28

1  members of the class to work in excess of four (4) hours without providing a ten (10) minute rest

2  period.

3       86)    During the relevant time period, DEFENDANT required PLAINTIFF and other

4  members of the class to work an additional four (4) hours without providing a second ten (10)

5  minute rest period.

6       87)    During the relevant time period, DEFENDANT willfully required PLAINTIFF and

7  other members of the class to work during rest breaks.  As evidenced in the fact that

8  DEFENDANT had no system for recording when and if rest breaks were taken, nor offered times

9  during the day when they could be.

10       88)    DEFENDANT failed to compensate PLAINTIFF and members of the class for

11  work performed during rest periods.

12       89)    DEFENDANT'S conduct violates applicable IWC Wage Orders, and California

13  Labor Code section 226.7(a).

14       90)    Pursuant to California Labor Code section 226.7(b), PLAINTIFF and other

15  members of the class are entitled to recover from DEFENDANT one additional hour of pay at the

16  employee's regular hourly rate of compensation for each workday that the rest period was not

17  provided.

18       91)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

19  class members are entitled to recover all civil penalties owed to the Labor and Workforce

20  Development Agency.

21  **SIXTH CAUSE OF ACTION**

22  **Violation of California Labor Code § 226(a)**

23       92)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

24  material allegations set out in paragraphs 1 through 91.

25       93)    DEFENDANT has willfully and intentionally failed to provide employees with

26  complete and accurate wage statements that include, among other things, the total actual number

27  of hours worked by PLAINTIFF and the other class members, the rates of pay applicable during

28

1   the pay period, and the inclusive dates of the pay period.

2         94)    As a result of DEFENDANT'S violation of California Labor Code section 226(a),

3   PLAINTIFF and the other class members have suffered injury and damage to their statutorily-

4   protected rights.

5         95)    Specifically, PLAINTIFF and the other class members have been injured by

6   DEFENDANT'S intentional violation of California Labor Code section 226(a) because they were

7   denied both their legal right to receive, and their protected interest in receiving, accurate, itemized

8   wage statements under California Labor Code section 226(a).

9         96)    PLAINTIFF and the other class members are entitled to recover from

10   DEFENDANT the greater of their actual damages caused by DEFENDANT'S failure to comply

11   with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand

12   dollars per employee.

13         97)    PLAINTIFF and the other class members are also entitled to an award of costs and

14   reasonable attorneys' fees pursuant to California Labor Code section 226(e).

15         98)    Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

16   class members are entitled to recover all civil penalties owed to the Labor and Workforce

17   Development Agency.

18                    **SEVENTH CAUSE OF ACTION**

19            **Violation of California Labor Code §§ 2800 and 2802**

20         99)    PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

21   material allegation set out in paragraphs 1 through 98.

22         100)   California Labor Code §§ 2800 and 2802 provide that an employer must reimburse

23   employees for all necessary and actual expenditures incurred through the discharge of their duties.

24         101)   DEFENDANT required PLAINTIFF and other class members, during off-duty

25   hours, to print out daily reports, take digital photographs of completed tasks at job sites, and

26   downloading and uploading required and necessary information from the CROSSMARK website.

27         102)   PLAINTIFF and other class members incurred actual and necessary business-

28

1    related expenses and costs, including but not limited to; the purchase of printing paper; digital

2    cameras; mileage; and, internet service, in order to discharge their duties.

3       103)   DEFENDANT failed to reimburse PLAINTIFF and class members for these

4    expenses and costs, or did so improperly.

5       104)   PLAINTIFF and other class members are entitled to recover from DEFENDANT

6    their business-related expenses incurred during the discharge of their duties.

7       105)   Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other

8    class members are entitled to recover all civil penalties owed to the Labor and Workforce

9    Development Agency.

10    **EIGHTH CAUSE OF ACTION**

11    **Violation of California Labor Code §§ 201 and 202**

12       106)   PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the

13    material allegations set out in paragraphs 1 through 105.

14       107)   At all times herein set forth, California Labor Code sections 201 and 202 provided

15    that if an employer discharges an employee, the wages earned and unpaid at the time of discharge

16    are due and payable immediately, and that if an employee voluntarily leaves his or her

17    employment, his or her wages shall become due and payable not later than seventy-two (72) hours

18    thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her

19    intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

20       108)   During the relevant time period, DEFENDANT willfully failed to pay PLAINTIFF

21    and the other class members who are no longer employed by DEFENDANT their wages, earned

22    and unpaid, either at the time of discharge, or within seventy-two (72) hours of their leaving

23    DEFENDANT'S employ.

24       109)   DEFENDANT'S failure to pay PLAINTIFF and those class members who are no

25    longer employed by DEFENDANT their wages earned and unpaid at the time of discharge, or

26    within seventy-two (72) hours of their leaving DEFENDANT'S employ, is in violation of

27    California Labor Code sections 201 and 202.

28

110)   California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date, and at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

111)   PLAINTIFF and other class members are entitled to recover from DEFENDANT the statutory penalty for each day they were not paid, at their regular hourly rate of pay, up to a thirty (30) day maximum, pursuant to California Labor Code section 203.

112)   Pursuant to California Labor Code section 2698 *et seq.*, PLAINTIFF and other class members are entitled to recover all civil penalties owed to the Labor and Workforce Development Agency.

## NINTH CAUSE OF ACTION

### Violation of California Business & Professions Code §§ 17200, et seq.

113)   PLAINTIFF incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 112.

114)   DEFENDANT'S conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to the PLAINTIFF, the other members of the class, and the general public.  PLAINTIFF seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

115)   DEFENDANT'S activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code sections 17200, et seq.

116)   A violation of California Business & Professions Code sections 17200, et seq. may be predicated on the violation of any state or federal law.  In the instant case, DEFENDANT'S policy and practice of requiring employees, including PLAINTIFF and class members, to work through their meal and rest breaks without paying them proper compensation violates California Labor Code sections 226.7(a) and 512(a).  Moreover, DEFENDANT'S policy and practice of requiring work of the clock, failing to reimburse actual and necessary incurred costs and

1  intentionally underpaying the overtime and wages owed to PLAINTIFF and the other class

2  members is unfair, unlawful, and harmful to PLAINTIFF, the other class members, and to the

3  general public.

4      117)   PLAINTIFF and the putative class members have been personally aggrieved by

5  DEFENDANT'S unlawful business acts and practices alleged herein by the loss of money or

6  property.

7      118)   Pursuant to California Business & Professions Code sections 17200, et seq.,

8  PLAINTIFF and the putative class members are entitled to restitution of the wages withheld and

9  retained by DEFENDANT during a period that commences four years prior to the filing of this

10  complaint; a permanent injunction requiring DEFENDANT to pay all outstanding wages due to

11  class members; an award of attorneys' fees pursuant to California Code of Civil Procedure section

12  1021.5 and other applicable laws; and an award of costs.

13                          <u>**REQUEST FOR JURY TRIAL**</u>

14      PLAINTIFF requests a trial by jury.

15

16                          <u>**PRAYER FOR RELIEF**</u>

17      PLAINTIFF prays for relief and judgment against DEFENDANT, as follows:

18                          <u>Class Certification</u>

19      1.   That this action be certified as a class action;

20      2.   That PLAINTIFF be appointed as representative of the class; and,

21      3.   That counsel for PLAINTIFF be appointed as class Counsel.

22                          <u>As to the First Cause of Action</u>

23      1.   That the Court declare, adjudge and decree that DEFENDANT violated California

24  Labor Code section 1194 by wilfully failing to pay all applicable minimum wages due to

25  PLAINTIFF and class members;

26      2.   For general unpaid minimum wages and such general and special damages as may

27  be appropriate;

28

3.      For pre-judgment interest on any unpaid minimum wage compensation from the date such amounts were due;

4.      For liquidated damages in an amount equal to the wages unlawfully unpaid with interest thereon pursuant to California Labor Code § 1194.2;

5.      For reasonable attorney's fees and for costs of suit incurred herein pursuant to California Labor Code § 1194(a);

6.      For any and all civil penalties owed to the Labor and Workforce Development Agency as pursuant to California Labor Code section 2698 *et seq.*; and,

7.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Second Cause of Action</u>

1.      For all actual, consequential, and incidental losses and damages, according to proof;

2.      For general unpaid wages pursuant to California Labor Code § 223 and such general and special damages as may be appropriate;

3.      For pre-judgment interest on any unpaid wages;

4.      For any and all other statutory relief available; and,

5.      For any civil penalties owed to the Labor and Workforce Development Agency as pursuant to California Labor Code section 2698 *et seq.*

6.      For such other and further relief as the Court may deem equitable and appropriate.

<u>As to the Third Cause of Action</u>

1.      For all actual, consequential, and incidental losses and damages, according to proof;

2.      For all overtime wages pursuant to California Labor Code sections 510 and 1198 and applicable IWC Wage Orders;

3.      For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

4.      For pre-judgment interest on any unpaid overtime compensation commencing from

1   the date such amounts were due;

2        5.    For reasonable attorneys' fees and for costs of suit incurred herein pursuant to

3   California Labor Code section 1194(a);

4        6.    For any and all civil penalties owed to the Labor and Workforce Development

5   Agency as pursuant to California Labor Code section 2698 *et seq.*; and,

6        7.    For such other and further relief as the Court may deem equitable and appropriate.

7   <u>As to the Fourth Cause of Action</u>

8        1.    For all actual, consequential, and incidental losses and damages, according to

9   proof;

10       2.    For wages pursuant to California Labor Code section 226.7(b);

11       3.    For reasonable attorneys' fees and costs of suit incurred herein;

12       4.    For any and all civil penalties owed to the Labor and Workforce Development

13  Agency as pursuant to California Labor Code section 2698 *et seq.*; and,

14       5.    For such other and further relief as the Court may deem appropriate.

15  <u>As to the Fifth Cause of Action</u>

16       1.    For all actual, consequential and incidental losses and damages, according to proof;

17       2.    For wages pursuant to California Labor Code section 226.7(b);

18       3.    For reasonable attorneys' fees and costs of suit incurred herein;

19       4.    For any and all civil penalties owed to the Labor and Workforce Development

20  Agency as pursuant to California Labor Code section 2698 *et seq.*; and,

21       5.    For such other and further relief as the Court may deem appropriate.

22  <u>As to the Sixth Cause of Action</u>

23       1.    For all actual, consequential and incidental losses and damages, according to proof;

24       2.    For statutory penalties pursuant to California Labor Code section 226(e);

25       3.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26  California Labor Code section 226(e);

27       4.    For any and all civil penalties owed to the Labor and Workforce Development

28

)                                         )

1   Agency as pursuant to California Labor Code section 2698 *et seq*.; and,

2         5.      For such other and further relief as the Court may deem equitable and appropriate.

3                          As to the Seventh Cause of Action

4         1.      For all actual, consequential, and incidental losses and damages, according to

5   proof;

6         2.      For the reimbursement of out of pocket expenses incurred during the discharge of

7   duties pursuant to California Labor Code Sections 2800 and 2802.

8         3.      For reasonable attorneys' fees and costs of suit incurred herein;

9         4.      For any civil penalties owed to the Labor and Workforce Development Agency as

10   pursuant to California Labor Code section 2698 *et seq*.; and,

11         5.      For such other and further relief as the Court may deem appropriate.

12                          As to the Eighth Cause of Action

13         1.      For all penalties pursuant to California Labor Code section 203;

14         2.      For reasonable attorneys' fees and for costs of suit incurred herein; and

15         3.      For such other and further relief as the Court may deem equitable and appropriate.

16         4.      For any and all civil penalties owed to the Labor and Workforce Development

17   Agency as pursuant to California Labor Code section 2698 *et seq*.; and,

18                          As to the Ninth Cause of Action

19         1.      For restitution of unpaid wages to all class members and prejudgment interest from

20   the day such amounts were due and payable;

21         2.      For the appointment of a receiver to receive, manage and distribute any and all

22   funds disgorged from DEFENDANT and determined to have been wrongfully acquired by

23   DEFENDANT as a result of violations of California Business & Professions Code sections 17200

24   et seq.;

25         3.      For reasonable attorneys' fees and costs of suit incurred herein pursuant to

26   California Code of Civil Procedure section 1021.5;

27         4.      For injunctive relief to ensure compliance with this section, pursuant to California

28

1    Business & Professions Code sections 17200, et seq.; and,

2          5.      For such other and further relief as the Court may deem equitable and appropriate.

3

4    DATED:  October 8, 2013                    Respectfully submitted

5                                               KAWAHITO SHRAGA & WESTRICK LLP

6

7                                               By

8                                                  SHAWN C. WESTRICK
                                                   TIMOTHY P. HENNESSY
9                                                  Attorneys for Plaintiff/Class Members

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Shawn C. Westrick (SBN 235313)
Timothy P. Hennessy (SBN 286317)
Kawahito Shraga & Westrick LLP
1990 South Bundy Drive, Suite 280, Los Angeles, CA 90025
TELEPHONE NO.: (310) 746-5300     FAX NO.: (310) 593-2520
ATTORNEY FOR *(Name):* Gayle Smith

FOR COURT USE ONLY

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

OCT 09 2013

John A. Clarke, Executive Officer/Clerk
By Amber Hayes, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central

CASE NAME:
Smith v. Crossmark, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: BC523981 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) □ Limited (Amount demanded is $25,000 or less) | □ Counter □ Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
□ Auto (22)
□ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
□ Asbestos (04)
□ Product liability (24)
□ Medical malpractice (45)
□ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
□ Business tort/unfair business practice (07)
□ Civil rights (08)
□ Defamation (13)
□ Fraud (16)
□ Intellectual property (19)
□ Professional negligence (25)
□ Other non-PI/PD/WD tort (35)

**Employment**
□ Wrongful termination (36)
☑ Other employment (15)

**Contract**
□ Breach of contract/warranty (06)
□ Rule 3.740 collections (09)
□ Other collections (09)
□ Insurance coverage (18)
□ Other contract (37)

**Real Property**
□ Eminent domain/inverse condemnation (14)
□ Wrongful eviction (33)
□ Other real property (26)

**Unlawful Detainer**
□ Commercial (31)
□ Residential (32)
□ Drugs (38)

**Judicial Review**
□ Asset forfeiture (05)
□ Petition re: arbitration award (11)
□ Writ of mandate (02)
□ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
□ Antitrust/Trade regulation (03)
□ Construction defect (10)
□ Mass tort (40)
□ Securities litigation (28)
□ Environmental/Toxic tort (30)
□ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
□ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
□ RICO (27)
□ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
□ Partnership and corporate governance (21)
□ Other petition *(not specified above)* (43)

2. This case ☑ is □ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. □ Large number of separately represented parties
   b. □ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. □ Large number of witnesses
   e. □ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. □ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☑ punitive
4. Number of causes of action *(specify):*
5. This case ☑ is □ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 9, 2013
Timothy P. Hennessy
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

| SHORT TITLE: Smith v. Crossmark, Inc. | CASE NUMBER: BC523981 |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5 ☐ HOURS/ ☑ DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Smith v. Crossmark, Inc. | |

| A<br>Civil Case Cover Sheet<br>Category No. | | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☒ A6024  Other Employment Complaint Case | ①, 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: Smith v. Crossmark. Inc. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE: Smith v. Crossmark. Inc. | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.  ☑1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 4554 North Banner Drive, #4 |
|---|---|

| CITY: Long Beach | STATE: CA | ZIP CODE: 90807 |
|---|---|---|

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: October 9, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

# VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**

abtl

**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

   h.  Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

   i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR PLAINTIFF)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR DEFENDANT)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)
Date:

_____      ➤ _____
(TYPE OR PRINT NAME)                 (ATTORNEY FOR _____)

NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY:  STATE BAR NUMBER   Reserved for Clerk's File Stamp

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.

The parties agree that:

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | | CASE NUMBER: | |
|---|---|---|---|

iii.    Be filed within two (2) court days of receipt of the Request; and

iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying ex parte for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| INFORMAL DISCOVERY CONFERENCE<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   - ☐ Request for Informal Discovery Conference
   - ☐ Answer to Request for Informal Discovery Conference
2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).
3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).
4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):  FAX NO. (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | | CASE NUMBER: |
|---|---|---|
| | | |

**The following parties stipulate:**

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR PLAINTIFF)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR DEFENDANT)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR _____)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR _____)

Date: _____

_____          ►          _____
(TYPE OR PRINT NAME)                                             (ATTORNEY FOR _____)

**THE COURT SO ORDERS.**

Date: _____          _____
                                                         JUDICIAL OFFICER

# EXHIBIT B

COPY

ORIGINAL FILED

NOV 2 0 2013

Sherri R. Carter, Executive Officer/Clerk
By: Kandace Bowen, Deputy

1
2  Rafael G. Nendel-Flores, Bar No. 223358
   rafael.nendelflores@ogletreedeakins.com
3  Allison C. Eckstrom, Bar No. 217255
   allison.eckstrom@ogletreedeakins.com
4  Lara C. de Leon, Bar No. 270252
   lara.deleon@ogletreedeakins.com
5  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   Park Tower, Suite 1500
6  695 Town Center Drive
   Costa Mesa, CA 92626
7  Telephone:    714.800.7900
   Facsimile:    714.754.1298
8
   Attorneys for Defendant CROSSMARK, INC.
9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                    FOR THE COUNTY OF LOS ANGELES
11
12 GAYLE SMITH, an individually, and on behalf        Case No. BC523981
   of other members of the general public similarly
13 situated,                                          [Assigned for all purposes to Honorable
                                                      William F. Highberger, Dept. 307]
14                      Plaintiff,
                                                      DEFENDANT CROSSMARK, INC.'S
15        vs.                                         ANSWER AND AFFIRMATIVE
                                                      DEFENSES TO PLAINTIFF'S
16 CROSSMARK, INC., a Delaware Corporation,           COMPLAINT
   and DOES 1-10, inclusive,
17                                                    Action Filed:    October 9, 2013
                        Defendant.                    Trial Date:      None Set
18
19
20 TO PLAINTIFF GAYLE SMITH AND HER ATTORNEYS OF RECORD:

21        Defendant CROSSMARK, INC. ("Defendant") hereby responds to Plaintiff GAYLE

22 SMITH's ("Plaintiff") unverified Class Action Complaint (the "Complaint") as follows:

23                             GENERAL DENIAL

24        Pursuant to California Code of Civil Procedure section 431.30(d), Defendant denies

25 generally and specifically each and every allegation contained in the Complaint, and denies further

26 that Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever.

27 ///

28
                                           1
                    DEFENDANT CROSSMARK, INC.'S ANSWER
                AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE

As to each and every oral, implied, or other contractual relationship alleged in the Complaint, there was a failure of consideration.

## THIRD AFFIRMATIVE DEFENSE

As to each and every oral, implied, or other contractual relationship alleged in the Complaint, Plaintiff failed to fulfill conditions precedent to the enforcement of any said contract.

## FOURTH AFFIRMATIVE DEFENSE

As to each and every contract, covenant or warranty alleged in the Complaint, Plaintiff committed a prior breach thereof, excusing any duty of further performance by Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly mitigate her alleged damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statues of limitations, including, but not limited to, Code of Civil Procedure sections 337(1), 338(a), 339(1), 340(a) and 343; Labor Code section 203(b), and Business and Professions Code section 17208.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of equity, including, without limitation, release, waiver, estoppel, laches, and unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata*, collateral estoppel, and/or judicial estoppel.

///

///

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff and/or the putative class members consented to any or all of the conduct about which they now complain.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any penalty award under any section of the California Labor Code because at all relevant times, Defendant did not willfully, knowingly, or intentionally fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate those provisions.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any penalty award under Labor Code section 226 or any other provision of the California Labor Code because Plaintiff did not suffer any injury due to the alleged conduct of Defendant.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering for alleged violations of Labor Code sections 226.7 and/or 512 to the extent that she failed to take her meal periods in accordance with the reasonable expectations of Defendant which were made clear by Defendant in meetings and instructions provided by Defendant on multiple occasions.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from collecting meal-period premiums to the extent that she was "provided" meal periods within the meaning of Labor Code section 512 and/or Plaintiff took off-duty meal periods of at least thirty (30) minutes duration at the appropriate times as required by Section 11 of the applicable Industrial Welfare Commission Wage Order.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's rest period claim fails because Plaintiff was authorized and permitted to take rest periods as required by § 12 of the applicable Wage Order of the Industrial Welfare Commission.

///

///

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's meal and rest period claims are barred, in whole or in part, by her waiver of the right to meal and/or rest periods in accordance with applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing to assert the claims set forth in the Complaint, both on behalf of herself and on behalf of the putative class(es) alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant performed and discharged in good faith each and every obligation owed, if any, to Plaintiff, acting without malice and with the good faith belief in the propriety of its conduct.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant performed and discharged each and every obligation allegedly owed to Plaintiff, except such obligations as Defendant was excused from performing as a result of Plaintiff's conduct and failure to perform obligations.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of offset.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim for attorneys' fees against Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff may not recover civil penalties pursuant to the Labor Code Private Attorneys General Act, Labor Code § 2699 *et seq.*, because Plaintiff is not an aggrieved party pursuant to the terms of the Labor Code.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff may not recover civil penalties pursuant to the Labor Code Private Attorneys General Act, Labor Code § 2699 *et seq.*, because she failed to exhaust her administrative remedies, including, but not limited to, those provided in California Labor Code § 2699.3.

///

///

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Awarding Plaintiff civil penalties pursuant to the Labor Code Private Attorneys General Act, Labor Code § 2699 *et seq.*, would be unjust, arbitrary and oppressive, and/or confiscatory.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Awarding Plaintiff civil penalties pursuant to the Labor Code Private Attorneys General Act, Labor Code § 2699 *et seq.*, would violate Defendant's constitutional rights under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and because PAGA violates separation of powers principles.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Ninth Cause of Action under Business and Professions Code section 17200 *et seq.* is not appropriate for resolution on a representative basis and allowing such a representative claim would violate the Due Process Clause of the United States and California Constitutions.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to an award of damages or statutory penalties under Business and Professions Code § 17200 *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief because she has an adequate remedy at law.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's Labor Code section 2802 claim is barred in whole or in part because Plaintiff failed to submit to Defendant any proof or documents showing that any alleged expenditures or losses were incurred by the Plaintiff in the discharge of her employment duties.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim under Labor Code section 2802 is barred in whole or in part because any of Plaintiff's alleged expenditures or losses were not necessary and/or were not the direct consequence of the discharge of the Plaintiff's employment duties.

///

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's causes of action cannot and should not be maintained as a class action pursuant to Federal Rule of Civil Procedure 23, California Code of Civil Procedure section 382, and any other applicable statutes or case law.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The putative class and/or classes alleged in the Complaint are overbroad, ambiguous, conclusory, lack the required community of interest, and are not precise, objective or readily ascertainable.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or part, to the extent that Plaintiff has failed to allege facts sufficient to meet the necessary requirements for class certification, including typicality, commonality, numerosity, superiority, and/or adequacy.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff and her counsel are not adequate representatives of those they purport to represent.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims and the claims of the putative class members are or may be barred by the doctrines of accord and satisfaction, payment, release, and/or waiver because, in part, Plaintiff and the putative class members have expressly agreed to release, hold harmless and indemnify Defendant from any and all liability and responsibility regarding the claims asserted in this action.

///
///
///
///
///
///
///
///

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

1   **WHEREFORE**, Defendant prays for judgment as follows:

2         1.     That Plaintiff take nothing by way of her Complaint;

3         2.     That class certification be denied;

4         3.     That the Court enter judgment for Defendant and against Plaintiff on all her

5   alleged claims;

6         4.     That the Court award Defendant its costs of suit; and

7         5.     That the Court grant Defendant such other and further relief that the Court

8   deems just and proper.

9

10   DATED:  November 20, 2013         OGLETREE, DEAKINS, NASH, SMOAK &

11                                 STEWART, P.C.

12

13                         By: _____

14                              Rafael G. Nendel-Flores
                           Allison C. Eckstrom

15                              Lara C. de Leon

16                         Attorneys for Defendant CROSSMARK, INC.

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

**PROOF OF SERVICE**

*Gayle Smith v. CROSSMARK, Inc., et al.*

Case No. BC523981

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

    On November 20, 2013, I served the following document(s):

**DEFENDANT CROSSMARK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Shawn C. Westrick | *Attorneys for Plaintiff* |
| Timothy P. Hennessy | GAYLE SMITH |
| KAWAHITO SHRAGA & WESTRICK LLP | |
| 1990 S. Bundy Drive, Suite 280 | Email: swestrick@kswlawyers.com |
| Los Angeles, CA 90025 | thennessy@kswlawyers.com |
| Telephone:   (310) 746-5300 | |
| Facsimile:   (310) 593-2520 | |

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐   **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒   **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November 20, 2013, at Costa Mesa, CA.

Diane Vo

Type or Print Name                        Signature

1

DEFENDANT CROSSMARK, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

# EXHIBIT C

1    KENNETH S. GAINES, SBN 049045
ken@gaineslawfirm.com
2    DANIEL F. GAINES, SBN 251488
daniel@@gaineslawfirm.com
3    ALEX P. KATOFSKY, SBN 202754
alex@gaineslawfirm.com
4    **GAINES & GAINES, APLC**
21550 Oxnard Street, Suite 980
5    Woodland Hills, CA 91367
Telephone: (818) 703-8985
6    Facsimile: (818) 703-8984

7    Attorneys for Plaintiff
ERICKA MITCHELL
8

9    STEPHEN E. FOX (Admitted *pro hac vice*)
sfox@fr.com
10    JOHN MICHAEL GADDIS (Admitted *pro hac vice*)
gaddis@fr.com
11    **FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
12    Dallas, TX 75201
Telephone: (214) 747-5070
13    Facsimile: (214) 747-2091

14    Attorneys for Defendants
CROSSMARK, INC., CHI MANAGEMENT GROUP, LP, and CROSSMARK
15    HOME IMPROVEMENT SERVICES, LLC

16             **UNITED STATES DISTRICT COURT**

17       **CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

18

19    ERICKA MITCHELL, on behalf of      Case No. CV 11-2818-JAK (FMOx)
herself and all others similarly situated,
20    and on behalf of the general public,     **JOINT STIPULATION OF
                                   SETTLEMENT AND RELEASE**
21             Plaintiffs,

22              vs.

23    CROSSMARK, INC., CHI
MANAGEMENT GROUP, LP,
24    CROSSMARK HOME
IMPROVEMENT SERVICES, LLC,
25    and DOES 2 through 50, inclusive,

26             Defendants.

27

28

1      This Joint Stipulation of Settlement and Release is made and entered into
2  between Plaintiff ERICKA MITCHELL, as an individual and as a representative of
3  the Class ("Plaintiff"), and Defendants CROSSMARK, INC., CHI MANAGEMENT
4  GROUP, LP, and CROSSMARK HOME IMPROVEMENT SERVICES, LLC
5  (together, "CROSSMARK" or "Defendants"), who are parties to the above-captioned
6  litigation (together, the "Parties").

7      It is hereby stipulated and agreed, by and between the undersigned Parties,
8  subject to approval of the Court, that the settlement of this action shall be effectuated
9  upon and subject to the following terms and conditions:

10  I.   **DEFINITIONS**

11      The following capitalized terms, when used in this Joint Stipulation of
12  Settlement and Release, shall have the following meanings:

13      1.   "Action" or "Instant Action" means the above stated action, styled as
14  *Ericka Mitchell v. CROSSMARK, Inc., et al.*, U.S. District Court, Central District of
15  California Case No. CV 11-2818-JAK (FMOx).

16      2.   "Claims Administrator" means a reputable third-party Claims
17  Administrator, to be selected by the Parties, to administer this Settlement.

18      3.   "Class" and "Settlement Class" mean all persons who are, have been, or
19  will be employed by Defendants in the State of California as an hourly, non-exempt
20  employee from October 8, 2006 through the Date of Preliminary Approval of this
21  Settlement.

22      4.   "Class Counsel" means the law firms of Gaines & Gaines, APLC,
23  Steven L. Miller, APLC, and Law Offices of Scott A. Miller, APC.

24      5.   "Class Member" means each person eligible to participate in this
25  Settlement who is a member of the Class defined above.

26      6.   "Class Member Released Claims" shall mean a release of Settling
27  Defendants of any and all claims that were or could have been asserted in the Instant
28  Action based upon the facts alleged therein, and any and all claims, whether brought

1   directly, representatively, or in any capacity, under any theory whatsoever, whether in

2   tort, contract, statute, rule, ordinance, order, regulation, or otherwise, including state,

3   federal, and local laws, whether for economic damages, non-economic damages,

4   restitution, penalties, punitive damages, wages, premium payments, liquidated

5   damages, attorneys' fees, or any other type of recovery thereon, arising out of any act,

6   omission, transaction, or event that occurred or is alleged to have occurred up to the

7   date of this Agreement, to the extent that such claims arise out of the alleged facts,

8   circumstances, and occurrences underlying the allegations as set forth in the

9   Plaintiff's Complaint or in any Amended Complaint filed in this Action.  Claims

10   specifically included in this release, without limitation, include any and all claims

11   arising under the IWC Wage Orders; California Labor Code, including, without

12   limitation, §§ 510, 1194, 226, 201-203, 204, and 2802; California Business &

13   Professions Code §§17200 *et seq.*; and any and all claims under the Private Attorney

14   General Act (California Labor Code Sections 2698 *et seq.*) relating to the claims

15   being released herein. Class Members shall be deemed to have expressly waived and

16   relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits

17   they may otherwise have had relating to the Class Member Released Claims pursuant

18   to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her favor
> at the time of executing the release, which if known to him
> or her must have materially affected his or her settlement
> with the debtor.

All Class Members shall be bound by this release unless they formally opt-out of the Settlement.

7.   "Class Period" shall mean the time period from October 8, 2006 through the Date of Preliminary Approval of this Settlement.

8.   "Class Representative Released Claims" means a general release of Settling Defendants, as defined herein, of any and all claims, obligations, demands,

1    actions, rights, causes of action, and liabilities against Settling Defendants, of

2    whatever kind and nature, character, and description, whether in law or equity,

3    whether sounding in tort, contract, federal, state and/or local law, statute, ordinance,

4    regulation, common law, or other source of law, whether known or unknown, and

5    whether anticipated or unanticipated, including unknown claims covered by Civil

6    Code Section 1542, by Class Representative, arising during the period from the

7    beginning of the Class Representative's first date of employment with Settling

8    Defendants to the date on which the Court enters the Order of Preliminary Approval,

9    for any type of relief, including, without limitation, claims for failure to pay overtime,

10   failure to pay for all hours worked, failure to timely pay final wages, failure to

11   provide meal and rest periods, failure to furnish accurate wage statements, wrongful

12   termination, retaliation, damages, unpaid costs, penalties (including waiting time

13   penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation

14   costs, restitution, or equitable relief.   The Class Representative Released Claims

15   include, but are not limited to the Class Member Released Claims as well as any other

16   claims under any provision of the Fair Labor Standards Act, the California Labor

17   Code or any applicable California Industrial Welfare Commission Wage Orders, and

18   claims under state or federal discrimination statutes, including, without limitation, the

19   California Fair Employment and Housing Act, California Government Code § 12940

20   *et seq.*; the Unruh Civil Rights Act, California Civil Code § 51 *et seq.*; the California

21   Constitution; Title VII of the Civil Rights Act of 1964,42 U.S.C. § 2000 *et seq.*; the

22   Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*; and the Employee

23   Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*; and all of their

24   implementing regulations and interpretive guidelines, as set forth in the Complaint

25   and Amended Complaints in this Action. The Class Representative shall be deemed

26   to have expressly waived and relinquished, to the fullest extent permitted by law, the

27   provisions, rights, and benefits she may otherwise have had relating to the released

28

1   claims pursuant to Section 1542 of the California Civil Code, which provides as

2   follows:

> A general release does not extend to claims which the
> creditor does not know or suspect to exist in his or her favor
> at the time of executing the release, which if known to him
> or her must have materially affected his or her settlement
> with the debtor.

9.      "Class Representative," "Named Plaintiff," and "Plaintiff" shall mean Plaintiff Ericka Mitchell.

10.     "Compensable Pay Periods" means and refers to the number of pay periods during the Class Period during which a Class Member was employed by Defendants in California as a non-exempt, hourly employee.   Compensable Pay Periods will be calculated by the Claims Administrator based on inception and termination dates for weeks worked as a non-exempt, hourly employee during the Class Period.

11.     "Complaint" shall mean the operative Complaint in the above-entitled Action, originally filed on or about October 8, 2010.

12.     "Court" shall mean the U.S. District Court, Central District of California.

13.     "Date of Preliminary Approval" means the date the Court approves this Stipulation of Settlement, and the exhibits thereto, and enters an Order providing for notice to the Class, an opportunity to opt-out of the Class, an opportunity to submit timely objections to the settlement, and setting a hearing for Final Approval of the Settlement, including approval of attorneys' fees and costs.

14.     "Deficient Opt-Out Form" means a Request for Exclusion that is not signed by the Class Member submitting the Request for Exclusion or cannot be verified by the Claims Administrator as being an authentic submission by the Class Member.

1        15.   "Deficient Opt-Out" means a Class Member that has submitted a

2  Deficient Opt-Out Form and has failed to cure its deficiencies.

3        16.   "Defendants' Counsel" means Fish & Richardson, PC.

4        17.   "Effective Date" means the date of entry of an Order granting final

5  approval of the Settlement, unless one or more objections to the Settlement are filed

6  which are not subsequently withdrawn, in which case it means the date one day after

7  the expiration date of the time for the filing or noticing of any appeal from the Order

8  and Final Judgment, or if an appeal is filed, the date of final dismissal of any appeal

9  from the Order and Final Judgment.

10       18.   "Exclusion Form" or "Request for Exclusion Form" means the document

11  attached hereto as Exhibit 2.

12       19.   "Exclusion Period" means a period of thirty (30) calendar days from the

13  date the Claims Administrator mails the Settlement Documents to Class Members.  If

14  the 30th day falls on a Sunday or holiday, the Exclusion Period shall end on the next

15  business day that is not a Sunday or holiday.

16       20.   "Late Opt-Out Form" means a Request for Exclusion that is submitted

17  to the Claims Administrator after the end of the Exclusion Period.

18       21.   "Late Opt-Out" means a Class Member that has submitted a Late Opt-

19  Out Form.

20       22.   "LWDA" means the California Labor and Workforce Development

21  Agency.

22       23.   "Maximum Settlement Amount" is the sum of Nine Hundred Ninety-

23  Nine Thousand Nine Hundred Ninety-Nine U.S. Dollars and Ninety-Nine Cents

24  ($999,999.99), which represents the total amount payable in this settlement by

25  Settling Defendants, which includes all attorneys' fees, litigation costs, claims

26  administration fees, payments to the LWDA, interest, and the Service Enhancement

27  to the Class Representative.  The Defendants shall have no reversionary interest in

28  any portion of the Maximum Settlement Amount, and the entire amount shall be paid

1    as part of this Settlement.   The Maximum Settlement Amount does not include

2    employer payroll taxes related to the amount paid under the Settlement.

3         24.   "Net Settlement Amount" is the portion of the Maximum Settlement

4    Amount eligible for distribution to Qualified Claimants and is approximately

5    $605,000.  It equals the Maximum Settlement amount less Class Counsel's attorneys'

6    fees and actual litigation costs, claims administration expenses, payments to the

7    LWDA for PAGA penalties, and the Service Enhancement to the Class

8    Representative.

9         25.   "Notice of Class Action Settlement" shall mean the document attached

10   hereto as Exhibit 1.

11        26.   "PAGA" shall mean the California Labor Code Private Attorneys

12   General Act, California Labor Code §§ 2698 *et seq.*

13        27.   "Parties" shall mean Defendants and Plaintiff.

14        28.   "Qualified Claimant" means a Class Member who has not opted-out of

15   the Settlement, *i.e.*, one who has not timely submitted a valid Request for Exclusion

16   from the Settlement to the Claims Administrator.

17        29.   "Settling Plaintiffs" shall mean all Class Members who do not submit a

18   valid Request for Exclusion from the Settlement to the Claims Administrator.

19        30.   "Settling Defendants" or "CROSSMARK" shall mean CROSSMARK,

20   Inc., CHI Management Group, LP, CROSSMARK Home Improvement Services,

21   LLC,  and all related companies, subsidiaries, entities, future and former direct and

22   indirect parents, affiliates, successors and predecessors, and current and former

23   employees, attorneys, officers and directors of said entities.

24        31.   "Settling Parties" shall mean the Settling Defendants and Settling

25   Plaintiffs.

26        32.   "Settlement Documents" shall mean the Notice of Class Action

27   Settlement (Exhibit 1) and the Request for Exclusion Form (Exhibit 2) attached

28   hereto.

1     33.   "Stipulation of Settlement" and "Settlement Agreement" shall mean this

2   Joint Stipulation of Settlement and Release.

3   **II.   DESCRIPTION OF THE LITIGATION**

4     34.   On October 8, 2010, Plaintiff filed a lawsuit against CROSSMARK,

5   Inc., CHI Management Group, LP, and Does 1-50, in the Superior Court for the State

6   of California, in and for the County of Ventura, Case Number 56-2010-00383153-

7   CU-OE-SIM.  CROSSMARK removed the Action to the U.S. District Court for the

8   Central District of California, where it is presently assigned case number No. CV 11-

9   2818-JAK (FMOx).   CROSSMARK Home Improvement Services, LLC was

10   subsequently added as a party to the Action.

11     34.   Plaintiff seeks to represent a putative class of current and former

12   CROSSMARK employees in California.  The operative complaint alleges causes of

13   action under the California Labor Code and Business & Professions Code: violation

14   of Labor Code §§ 201–203 for failure to pay all wages due at separation of

15   employment, Labor Code § 204 for failure to pay all wages timely throughout the

16   course of employment, Labor Code §§ 510 and 1194 for failure to pay all wages due

17   for time spent driving between work locations, Labor Code § 226 and IWC Wage

18   Order 4-2001(7) for failure to issue accurately itemized employee wage statements,

19   Labor Code § 2802 for failure to fully reimburse employee business expenses

20   incurred in the discharge of their employment duties, including while driving for

21   work purposes, and violation of Bus. & Prof. Code §§ 17200 *et seq.*  Plaintiff seeks

22   damages, restitution, civil penalties under PAGA, and injunctive relief.

23     35.   This Settlement embraces all claims against Settling Defendants as

24   enumerated in paragraphs 6 and 8 above, including, but not limited to, all claims in

25   the Complaint for violations of California's Labor Code and Wage Orders,

26   California's Unfair Competition Law, all related and derivative claims, statutory

27   penalties including civil penalties under PAGA, attorneys' fees, costs, and interest.

28

III.   **POSITION OF THE PARTIES**

36.   Plaintiff alleges in her Complaint that, during the applicable limitations period, CROSSMARK failed to pay its non-exempt, hourly employees all wages due for time spent traveling between store locations (as distinguished from time spent traveling from an employee's home to his/her first work location of the day, and from the employee's last work location of the day to his/her home), resulting in a claim under Labor Code §§ 510 and 1194.  Plaintiff further alleges, that as a result, CROSSMARK failed to timely pay all wages to its non-exempt, hourly employees, and failed to timely pay those employees all wages due at termination, resulting in derivative claims under Labor Code §§ 204 and 201–203.  Plaintiff also alleges in her Complaint that CROSSMARK issued defective wage statements to its California non-exempt employees, in violation of Labor Code § 226(a) and (e) and IWC Wage Order 4-2001(7).  Plaintiff further alleges that CROSSMARK failed to fully reimburse employees for expenses they incurred in the performance of their job duties, including automobile-related expenses, in violation of Labor Code § 2802. Plaintiff further alleges unfair competition claims derivative of these alleged violations under Business & Profession Code §§ 17200 *et seq.*, and also seeks to recover civil penalties for these alleged violations under the Private Attorney General Act, Labor Code §§ 2698 *et seq.*

37.   Settling Defendants deny these claims in their entirety.  Consequently, Settling Defendants do not believe that any liability to Plaintiff or Class Members exists, or that Plaintiff or Class Members are entitled to any recovery.  In addition, Settling Defendants contend that Plaintiff's claims are not suitable for class or representative treatment.

38.   On September 9, 2011, the Parties participated in a mediation with mediator Brenda Cubbage in Dallas, Texas.  Following mediation, the Parties were unable to reach a settlement.  With the mediator's continued assistance, the Parties continued settlement discussions and on or about November 9, 2011, key terms of a

- 8 -

1  settlement agreement were reached.  All of the terms of the Parties' settlement are
2  contained within this Stipulation of Settlement.  At all times, the Parties' settlement
3  negotiations have been non-collusive, adversarial, and at arm's length.

4         39.     Discussions between counsel for the Parties, formal and informal
5  discovery, as well as the investigation and evaluation of the claims of Plaintiff by the
6  Parties, have permitted each side to assess the relative merits of the claims and the
7  defenses to those claims.  The Parties agree that the above-described investigation
8  and evaluation, as well as the information exchanged during settlement negotiations
9  and mediation, are more than sufficient to assess the merits of the respective Parties'
10  positions and to compromise the issues on a fair and equitable basis.  Based on their
11  own independent investigations and evaluations, Class Counsel is of the opinion that
12  the Settlement with Settling Defendants for the consideration and terms set forth
13  below, considering the representative and class claims, and the risk of loss, is fair,
14  reasonable, and adequate in light of all known facts and circumstances, and is in the
15  best interests of the Class.  Class Counsel is also of the opinion that the total
16  consideration and payment set forth in this Stipulation of Settlement is adequate in
17  light of the uncertainties surrounding the risk of further litigation, and the possible
18  defenses and offset claims that Settling Defendants have asserted and could assert.

19
20  **IV.    BENEFITS OF THE SETTLEMENT TO THE PROPOSED CLASS AND
        DEFENDANT**
21
22         40.     Class Counsel recognizes the substantial monetary benefit to the Class
23  and the expenses and length of continued proceedings necessary to prosecute the
    Action against the Settling Defendants through class certification, trial and possible
24  appeals.  Class Counsel has also taken into account the uncertain outcome and risk of
25  any litigation, especially in complex actions such as class actions, as well as the
26  difficulties and delay inherent in such litigation.  Therefore, Class Counsel has
27  determined that the settlement set forth in this Stipulation of Settlement is in the best
28  interest of the Class.

- 9 -

JOINT STIPULATION OF SETTLEMENT AND RELEASE

41.     Settling Defendants and their counsel have similarly concluded that it is desirable that the Action be settled in a manner and upon such terms and conditions set forth herein in order to avoid further expense, inconvenience and distraction of further legal proceedings, and the risk of the outcome of the Action.  Therefore, Settling Defendants have determined that it is desirable and beneficial to put to rest the claims in the Action.

V.    **OPERATIVE TERMS OF SETTLEMENT**

The Parties to this Action agree as follows:

42.   <u>Non-Admission</u>.  Nothing in this Stipulation of Settlement shall be construed to be or deemed an admission by Settling Defendants of any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and Settling Defendants specifically disclaim any liability, culpability, negligence, or wrongdoing toward the Class Representative, the Class Members, or any other person, and specifically deny that class certification or representative action is appropriate.  Each of the Parties has entered into this Stipulation of Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience, expenses, and contingencies.  This Stipulation of Settlement, and any related court documents or orders, may not be cited or otherwise admitted as evidence of liability or that class certification or representative action is appropriate.  There has been no final determination by any Court as to the merits of the claims asserted by Plaintiff against Settling Defendants, or as to whether a class should be certified, or whether a representative action should proceed, other than for settlement purposes only.

43.   <u>Conditional Certification of the Settlement Class</u>.  The Parties stipulate to the conditional certification of the Settlement Class as defined herein for settlement purposes only.  This provision is void and all terms of this Settlement are void if this Settlement is not approved by the Court.  The parties further stipulate that, for settlement purposes only, the law firms of Gaines & Gaines APLC, Steven L. Miller,

1    APC, and Law Offices of Scott A. Miller, APLC may be appointed as Class Counsel,

2    and that Plaintiff Ericka Mitchell may be appointed the Class Representative.

3    CROSSMARK's stipulation to this settlement class shall not be construed as an

4    admission or acknowledgement of wrongdoing of any kind, or that any class should

5    be certified or given collective action treatment, or that any representative action

6    should proceed.

7        44.    Allocations to be Paid from the Maximum Settlement Amount. Settling

8    Defendants shall pay Nine Hundred Ninety-Nine Thousand Nine Hundred Ninety-

9    Nine U.S. Dollars and Ninety-Nine Cents ($999,999.99) as the Maximum Settlement

10    Amount to resolve the Action on a class-wide basis. Under no circumstances will

11    Settling Defendants be obligated to pay any more than the Maximum Settlement

12    Amount of Nine Hundred Ninety-Nine Thousand Nine Hundred Ninety-Nine U.S.

13    Dollars and Ninety-Nine Cents ($999,999.99). The Parties agree to the following

14    allocations to be paid from the Maximum Settlement Amount, subject to Court

15    approval:

16        a.    From the Maximum Settlement Amount, $25,000.00 shall be

17            payable to the California Labor and Workforce Development

18            Agency ("LWDA"), representing the LWDA's share of PAGA

19            penalties.

20        b.    From the Maximum Settlement Amount, Class Counsel may seek

21            from the Court a maximum of $300,000.00 in attorneys' fees, and

22            a maximum of $15,000.00 in actual litigation costs, for serving as

23            Class Counsel, both of which CROSSMARK will not oppose.

24        c.    From the Maximum Settlement Amount, the Class Representative

25            may seek from the Court an incentive payment not to exceed

26            $10,000.00 for serving as Class Representative ("Service

27            Enhancement"), which CROSSMARK will not oppose. This

28            incentive payment will also compensate Class Representative for

1              the release of her individual claims against Defendants, as
2              enumerated in Paragraph 8 above.

3       d.    From the Maximum Settlement Amount, settlement
4              administration fees in a reasonable amount, which are estimated to
5              be approximately $45,000.  Settlement administration fees shall
6              include the costs of providing the notices required by 28 U.S.C. §
7              1715(b).  CROSSMARK shall be responsible for paying the
8              settlement administration fees to the settlement administrator even
9              if this Settlement is not given final approval by the Court.

10      e.    Any portion of the Maximum Settlement Amount remaining after
11             payment of the costs of administration, attorneys' fees, litigation
12             costs, class representative enhancement, and that portion of PAGA
13             penalties payable to the California LWDA, shall be paid to
14             Qualified Claimants.

15      f.    If the Court approves a lesser amount of attorneys' fees, litigation
16             costs, administration costs, or Service Enhancement than those
17             sought by the Class Representative and Class Counsel, any
18             amount disallowed by the Court shall become part of the Net
19             Settlement Amount for distribution to Class Members.  The
20             Parties agree that the settlement shall remain binding with such
21             modification(s) and its terms will be otherwise unchanged.

22    45.   Tax Treatment.  Settlement payments to Qualified Claimants shall be
23 treated as follows: 25% wages, 25% expense reimbursement, 25% penalties, and 25%
24 interest. The wage portion of the settlement payments to Qualified Claimants shall be
25 subject to withholding.  Class Representative and Qualified Claimants shall be
26 exclusively liable for any and all tax liability, if any.  Class Representative and
27 Qualified Claimants should consult with their tax advisors concerning the tax
28 consequences of the payments they receive under the Settlement.

1   46. Class Member Released Claims. Upon Final Approval, each Settling

2 Plaintiff and each member of the Class who has not opted out of the Settlement shall

3 be deemed to have fully, finally, and forever released Settling Defendants from all

4 Class Member Released Claims for the period of time during which they were

5 employed by one or more Defendants as a non-exempt, hourly employee in the State

6 of California between October 8, 2006 through the date of Preliminary Approval.

7   47. Class Representative Released Claims. Upon Final Approval, the Class

8 Representative shall be deemed to have fully, finally, and forever released Settling

9 Defendants from all Class Representative Released Claims through the date of

10 Preliminary Approval.

11   48. Calculation of Settlement Amounts. The Claims Administrator will

12 calculate pro rata settlement payments to Class Members based on each Class

13 Member's relative percentage of eligible service time in Compensable Pay Periods

14 during the Class Period as reflected in CROSSMARK's internal records as set forth

15 in this paragraph. After deducting for attorney's fees, litigation costs, the Service

16 Enhancement, the payment to the LWDA, and claims administration fees, the

17 remainder of the Maximum Settlement Amount will be allocated to Class Members

18 as the "Net Settlement Amount." The Parties agree that the following formula for

19 allocating the settlement payments to Class Members provided herein is reasonable

20 and that the settlement payments provided herein are designed to provide a fair

21 settlement to the Class:

22     a. The number of Compensable Pay Periods that each Class Member

23       was employed during the Class Period shall be determined;

24     b. The number of Compensable Pay Periods that all Class Members

25       were employed during the Class Period shall be aggregated;

26     c. The percentage obtained by dividing the number of Compensable

27       Pay Periods for an individual Class Member by the aggregate of

28       all Compensable Pay Periods for all Class Members during the

1    Class Period shall be used to calculate that individual Class

2    Member's share of the Net Settlement Amount.

3    49.   Qualified Claimants.  Unless a Class Member submits a timely opt-out

4    request as described below, he or she shall be deemed a Qualified Claimant and shall

5    be eligible to receive a Settlement Payment.  There is no claims process and all

6    Qualified Claimants shall be mailed their Settlement Payment following the Court's

7    final approval of the Settlement.   All Qualified Claimants will be bound by the

8    Settlement and its releases, even if they fail to negotiate their Settlement Payment

9    check prior to its expiration date.

10    50.   Timing and Distribution of Settlement Funds and Payments.  When and

11    if the Court grants Final Approval of the Settlement, and the Effective Date as

12    defined above has passed, the Settlement Administrator shall prepare a final list of all

13    Qualified Claimants who have not timely opted-out of the settlement.   For each

14    Qualified Claimant on this list, the Settlement Administrator will calculate the

15    amounts due and issue checks payable to said Qualified Claimants.  CROSSMARK

16    shall  provide  all  payments  required  by  this  Settlement  to  the  Settlement

17    Administrator within seven (7) calendar days following the Effective Date.   The

18    Settlement Administrator shall issue payments to Plaintiff, Class Counsel, and the

19    LWDA no later than ten (10) calendar days following the Effective Date and mail

20    settlement checks to Qualified Claimants no later than twenty-one (21) calendar days

21    following the Effective Date.

22    51.   Court Approval of the Settlement.  Subject to CROSSMARK's approval,

23    Class Counsel shall be responsible for preparing and filing, in coordination with

24    Defendants' Counsel, the Unopposed Motion for Preliminary Approval of the

25    Settlement and the Motion for Final Approval of the Settlement.  Prior to the Final

26    Approval hearing by the Court, the Parties will submit a proposed Final Order(s):

27    (i) certifying the Class for settlement purposes only; (ii) finding the settlement fair,

28    reasonable, and in the best interests of the Class Members; (iii) approving Class

1    Counsel's application for an award of attorneys' fees and litigation costs;

2    (iv) approving the Class Representative's application for a Service Enhancement; (v)

3    approving payment of claims administration fees; and (vi) entering Judgment.

4         52.   Termination of Settlement Agreement.  If the conditions of the

5    Settlement set forth in this Stipulation of Settlement are not satisfied, or if the Court

6    does not dismiss the Action with prejudice against Settling Defendants as provided

7    for in this Stipulation, or if appellate review is sought and on such review the Court's

8    decision is materially modified or reversed, or, if one or more of the terms of the

9    Stipulation of Settlement is not approved or the Stipulation with respect to one or

10    more such terms is materially modified or reversed, then this Stipulation shall be

11    canceled, terminated, and shall have no force or effect.  If Final Approval does not

12    occur, or if this Stipulation of Settlement is terminated, revoked, or canceled pursuant

13    to its terms, the Parties to this Stipulation of Settlement shall be deemed to have

14    reverted to their respective status as of the date and time immediately prior to the

15    execution of this Stipulation of Settlement.

16    **VI.**   **CLAIMS ADMINISTRATION**

17         53.   Selection and Compensation of Claims Administrator.  The Parties agree

18    to jointly select and utilize a third-party Claims Administrator to give notice of and

19    communicate with Class Members regarding the settlement.  Reasonable consent to

20    the selection of the Claims Administrator will not be withheld by either Party.  If the

21    actual cost of claims administration is less than the amount approved by the Court,

22    those funds shall become part of the Net Settlement Amount for allocation to Class

23    Members.  All costs associated with claims administration shall come out of the

24    Maximum Settlement Amount.

25         54.   Claims Administration.  CROSSMARK will provide the names, contact

26    information, social security numbers, and dates of employment for members of the

27    Class ("Class Data") to the Claims Administrator only.  CROSSMARK will provide

28    the Class Data to the Claims Administrator no later than thirty (30) calendar days

1    after the Court grants Preliminary Approval of the Settlement. Class Data shall only

2    be used by the Claims Administrator for the purpose of calculating settlement shares

3    and notifying the Class Members of the settlement. Addresses for Class Members

4    shall not be disclosed to Class Counsel, the Class Representative, or any other Class

5    Members without the written consent of CROSSMARK or by order of the Court.

6    The Claims Administrator shall run the Class Data list through the National Change

7    of Address database, and will use the most recent address for each Class Member —

8    either from CROSSMARK's records or the National Change of Address database —

9    when mailing the Class Notice. The Claims Administrator shall also take reasonable

10   steps to locate any Class Member whose Class Notice is returned as undeliverable.

11   Class Data shall be provided in a format to be determined by the Claims

12   Administrator and CROSSMARK.

13       55.  Class Notice. Within fourteen (14) calendar days of receiving the Class

14   Data list, the Claims Administrator shall mail Settlement Documents, consisting of

15   the Court-approved Notice of the Class Action Settlement, in the form substantially

16   similar to that attached hereto as Exhibit 1, and a court-approved Request for

17   Exclusion Form, in form substantially similar to that attached hereto as Exhibit 2, to

18   the Class Members described herein. The Class Notice shall state the estimated

19   minimum settlement payment that the Class Member could receive if he or she does

20   not request exclusion from the Settlement.

21       56.  Challenges to Class Member's Employment Data. In calculating each

22   individual Class Member's share of the settlement, CROSSMARK's records

23   regarding the employment tenure of Class Members shall be presumed to be correct.

24   Class Members who challenge CROSSMARK's records must submit a challenge in

25   writing to the Claims Administrator and will bear the burden of proof, i.e., a Class

26   Member who fails to provide written proof will have his or her challenge denied. All

27   such challenges must be received within the 30-day Exclusion Period during which

28   Class Members may opt-out from the Settlement. CROSSMARK will investigate the

- 16 -

JOINT STIPULATION OF SETTLEMENT AND RELEASE

1   challenge and determine whether any additional amount is owed to the Class Member

2   making the challenge.  In no case will a challenge to employment data result in a

3   payment by CROSSMARK in excess of the Maximum Settlement Amount.

4        57.   Opt-Outs/Requests for Exclusion from the Settlement.  Class Members

5   who wish to "opt-out" of and be excluded from the Settlement must submit a written

6   Request for Exclusion from the Settlement bearing a post-mark from a date within the

7   Exclusion Period.  If a Class Member submits a deficient opt-out, the Settlement

8   Administrator shall notify the Class Member of the deficiency within five (5)

9   business days of receipt.  The Class Member shall have until the end of the Exclusion

10   Period to cure said deficiencies, at which point his or her Request for Exclusion will

11   be rejected if not received.  Class Members submitting untimely or deficient Requests

12   for Exclusions shall be bound by the Settlement and will be considered Qualified

13   Claimants for settlement distribution purposes.

14        58.   Time for Filing Motions for Final Approval of the Settlement and

15   Approval of Attorneys' Fees and Costs, Settlement Administration Expenses, and

16   Class Representative's Service Enhancement.  Plaintiff and Class Counsel shall file

17   and serve their motion for final approval of the Settlement and their motion for

18   approval of attorney's fees, litigation costs, settlement administrator expenses, and

19   Service Enhancement, along with all supporting evidence, no later than seven (7)

20   calendar days following the conclusion of the Exclusion Period in order to allow

21   Class Members a reasonable opportunity to object to said motions.

22        59.   Objections.  All objections to the Settlement by any Qualified Claimant

23   must be filed with the District Court and served upon all counsel of record by no later

24   than fourteen (14) calendar days after the end of the Exclusion Period.  This deadline

25   applies notwithstanding any argument regarding non-receipt of the notice.  Anyone

26   who fails to file and serve timely written objections in this manner shall be deemed to

27   have waived any objections and shall be foreclosed from making any objection to the

28

1    Settlement and from filing any appeal from any final approval order issued by the

2    Court.

3        60.    Response to Objections.   Plaintiff and/or CROSSMARK may file a

4    response to objections to the Settlement no later than twenty-eight (28) calendar days

5    following the end of the Exclusion Period.

6    VII.    **MISCELLANEOUS PROVISIONS**

7        61.    Drafting.  The Parties hereto agree that the terms and conditions of this

8    Settlement Agreement are the result of lengthy, intensive, arm's-length negotiations

9    between the Parties and that neither Party shall be considered the "drafter" of this

10   Stipulation of Settlement for purposes of having terms construed against that Party.

11       62.    Class Information Confidential.   Names of Class Members and their

12   allocation amounts shall be kept strictly confidential by the Claims Administrator,

13   who will not release such information to Class Counsel and will file such

14   information, if necessary, only under seal.  Class Counsel agrees that any information

15   they receive or have received in connection with this Settlement may be used for this

16   Action only, and may not be used for any purpose or in any other action or

17   proceeding.

18       63.    Non-Disclosure.   Class Representative and Class Counsel agree not to

19   disclose the terms of this Settlement except in court papers, in response to Class

20   Member inquiries, or if required by legal process.  Neither Class Representative nor

21   Class Counsel, directly or indirectly, shall issue a press release, hold a press

22   conference, publish information about the settlement on any website (other than used

23   by the claims administrator for claims administration purposes), or otherwise

24   publicize the settlement.  Class Representative and Class Counsel agree not to

25   respond to any press inquiries concerning the settlement except to refer reporters to

26   the papers filed with the District Court.

27       64.    Uncashed Settlement Checks.   Any settlement checks that remain

28   uncashed after 180 days of mailing will be considered *cy pres* funds and be donated

1    to charitable organizations to be jointly selected by the Parties and approved by the

2    Court in connection with final approval of the Settlement.

3         65.    <u>Cooperation</u>. The Parties agree to cooperate fully with one another to

4    accomplish and implement the terms of this Settlement. Such cooperation shall

5    include, but not be limited to, execution of such other documents and the taking of

6    such other action as may reasonably be necessary to fulfill the terms of this

7    Stipulation of Settlement. The Parties to this Settlement Agreement shall use their

8    best efforts, including all efforts contemplated by this Settlement Agreement and any

9    other efforts that may become necessary by Court order, or otherwise, to effectuate

10    this Settlement Agreement and the terms set forth herein.

11         66.    <u>Extensions of Time</u>. If a party cannot reasonably comply with an

12    obligation under this Settlement Agreement by the deadline set forth herein

13    applicable to that obligation, that party may apply to the Court for a reasonable

14    extension of time to fulfill that obligation. Consent to such a request for an extension

15    will not be unreasonably withheld by the other party.

16         67.    <u>No Impact on Benefit Plans.</u> Neither the Settlement nor any amounts

17    paid under the Settlement will modify any previously credited hours or service under

18    any employee benefit plan, policy, or bonus program sponsored by Settling

19    Defendants. Such amounts will not form the basis for additional contributions to,

20    benefits under, or any other monetary entitlement under Settling Defendants'

21    sponsored benefit plans, policies, or bonus programs. The payments made under the

22    terms of this Stipulation shall not be applied retroactively, currently, or on a going

23    forward basis, as salary, earnings, wages, or any other form of compensation for the

24    purposes of any Settling Defendants' benefit plan, policy, or bonus program. Settling

25    Defendants retain the right to modify the language of their benefit plans, policies and

26    bonus programs to effect this intent, and to make clear that any amounts paid

27    pursuant to this Settlement are not for "hours worked," "hours paid," "hours of

28    service," or any similar measuring term as defined by applicable plans, policies and

1   bonus programs for purposes of eligibility, vesting, benefit accrual, or any other

2   purpose, and that additional contributions or benefits are not required by this

3   Stipulation of Settlement.

4       68.   Class Action Fairness Act.   Within five (5) days after all parties have

5   executed this Agreement, Defendants shall serve upon the appropriate state official of

6   each state in which a Class Member resides and the appropriate federal official, a

7   notice of the proposed settlement consisting of the documents and information

8   required by 28 U.S.C. § 1715(b).   The costs of providing the notice required by 28

9   U.S.C. § 1715(b) shall be included in the settlement administration costs to be paid

10   from the Maximum Settlement Amount as per Paragraph 44(d) above.

11       69.   Notices.   Unless otherwise specifically provided herein, all notices,

12   demands, or other communications given hereunder shall be in writing and shall be

13   deemed to have been duly given as of the third business day after mailing by United

14   States certified mail, return receipt requested, addressed as follows:

15            To the Plaintiff and the Plaintiff Class:

16            Kenneth S. Gaines, Esq.
            Daniel F. Gaines, Esq.
17            Alex P. Katofsky, Esq.
            **Gaines & Gaines, APLC**
18            21550 Oxnard Street, Suite 980
            Woodland Hills, CA 91367
19

20            To the Defendants:
21
            Stephen E. Fox, Esq.
22            John Michael Gaddis, Esq.
            **Fish & Richardson, P.C.**
23            1717 Main Street, Suite 5000
            Dallas, TX 75201
24

25       70.   Modification.   This Stipulation may not be changed, altered, or

26   modified, except in writing signed by counsel for the Parties hereto and approved by

27   the Court.   This Stipulation may not be discharged except by performance in

28   accordance with its terms or by a writing used by the Parties hereto. This Stipulation

- 20 -

1    shall be binding upon and inure to the benefit of the Parties hereto and their

2    respective heirs, trustees, executors, administrators, successors, and assigns.

3         71.   Governing Law.   The rights and obligations of the parties hereunder

4    shall be construed and enforced in accordance with, and shall be governed by, the

5    laws of the State of California, without regard to principles of conflict of laws.

6         72.   Severability.   If any provision of this Stipulation of Settlement or the

7    application thereof is held invalid, such invalidation shall not affect other provisions

8    or applications of this Stipulation of Settlement and to this end the provisions of this

9    Stipulation of Settlement are declared to be severable.

10        73.   Counterparts.   Because the proposed Class has not yet been certified, and

11   the members of the proposed Class are so numerous, the Parties agree that it is

12   impossible or impractical to have each Class Member sign this Stipulation.   It is

13   agreed that, for purposes of seeking Court approval of the Settlement, this Stipulation

14   of Settlement may be executed on behalf of the proposed Class by Class Counsel.

15   This Settlement Agreement shall become effective upon its execution by all of the

16   undersigned.   The Settling Parties may execute this Settlement Agreement in any

17   number of counterparts, and a facsimile signature shall have the same force and effect

18   as an original.

19        IN WITNESS WHEREOF, this Stipulation of Settlement is executed by the

20   Parties and their duly authorized attorneys, as of the day and year herein set forth.

21

22

23

24

25

26

27

28

**DEFENDANTS:**

Dated:        January 11, 2012          CROSSMARK, INC.

                                        By: _____
                                        Its: _____

Dated:        January 11, 2012          CROSSMARK HOME
                                        IMPROVEMENT SERVICES, LLC.

                                        By: _____
                                        Its: _____

Dated:        January 11, 2012          CHI MANAGEMENT GROUP, LP
                                        By its General Partner
                                        CHI Management Group, LLC
                                        By: _____
                                        Its: _____

Dated:        January 11, 2012          FISH & RICHARDSON, L.P.

                                        By _____
                                        Stephen E. Fox
                                        Attorneys for Defendants

**PLAINTIFF:**

Dated:        January 11, 2012          ERICKA MITCHELL

                                        By: _____
                                        Its: _____

Dated:        January 11, 2012          GAINES & GAINES, APLC

                                        By _____
                                        Daniel F. Gaines
                                        Attorneys for Plaintiff

- 22 -
JOINT STIPULATION OF SETTLEMENT AND RELEASE

**DEFENDANTS:**

Dated:        January 11, 2012          CROSSMARK, INC.


By:_____
Its:_____


Dated:        January 11, 2012          CROSSMARK HOME
                                        IMPROVEMENT SERVICES, LLC.


By:_____
Its:_____


Dated:        January 11, 2012          CHI MANAGEMENT GROUP, LP


By:_____
Its:_____


Dated:        January 11, 2012          FISH & RICHARDSON, L.P.


By_____
Stephen E. Fox
Attorneys for Defendants


**PLAINTIFF:**

Dated:        January 11, 2012          ERICKA MITCHELL


By:_____
Its:_____


Dated:        January 11, 2012          GAINES & GAINES, APLC


By_____
Daniel F. Gaines
Attorneys for Plaintiff

- 22 -
JOINT STIPULATION OF SETTLEMENT AND RELEASE

# EXHIBIT "1"

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICKA MITCHELL, on behalf of herself and all others similarly situated, and on behalf of the general public,<br><br>        Plaintiff,<br><br>   v.<br><br>CROSSMARK, INC., et. al.,<br><br>        Defendants. | Case No. CV 11-2818-JAK (FMOx)<br><br>Assigned to the Hon. John A. Kronstadt<br><br>**NOTICE OF PENDENCY OF CLASS ACTION SETTLEMENT AND FINAL HEARING** |

# YOU MAY BE ENTITLED TO RECEIVE MONEY FROM A SETTLEMENT

*A California court authorized this notice. This is not a solicitation from a lawyer.*

- A settlement will provide up to $999,999.99 to pay claims to certain current and former California employees of Crossmark, Inc., Crossmark Home Improvement Services, LLC, and related companies (collectively, "CROSSMARK") who were employed by them between October 8, 2006 and _____, 2012.

- The settlement resolves a lawsuit over whether CROSSMARK: 1) failed to pay its employees all wages due (including wages earned driving between work locations), 2) failed to provide its employees with accurately itemized wage statements, 3) failed to timely pay its employees' wages, and 4) failed to fully reimburse its employees for all business expenses incurred. It avoids risks to you from continuing the lawsuit; pays money to employees; and releases CROSSMARK from liability.

- Court-appointed lawyers for the employees will ask the Court to award them up to $315,000 as fees and expenses for investigating the facts, litigating the case, and negotiating the settlement. This will be paid from the maximum settlement amount.

- CROSSMARK deny these claims in their entirety. Indeed, CROSSMARK does not believe that any liability to Plaintiff or any prospective class members exists, or that Plaintiff or the prospective class members are entitled to any recovery. In addition, CROSSMARK contends that Plaintiff's claims are not suitable for class or representative treatment. Moreover, the two sides disagree on how much money could have been won if employees won at trial.

- **Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | Automatically receive a payment. You need not take any further action to be part of this case and be paid your share of the settlement. |
| **Exclude Yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against Crossmark about the legal claims in this case. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |

### WHY DID YOU RECEIVE THIS NOTICE?

This notice explains a proposed settlement of a lawsuit, and informs you of your legal rights under that proposed settlement. You are receiving this notice because you may be a member of a class on whose behalf this class action lawsuit has been brought.

### WHAT IS THIS LAWSUIT ABOUT?

On October 8, 2010, plaintiff Ericka Mitchell filed this lawsuit against CROSSMARK in Ventura County Superior Court. It was subsequently removed to the United States District Court for the Central District of California. The lawsuit alleges violations of the California Labor Code, Industrial Welfare Commission Wage Orders, and the California Business and Professions Code. The Lawsuit seeks to certify a class of all hourly, non-exempt employees who were employed by CROSSMARK from October 8, 2006 through _____, 2012 (the "Settlement Class"). The lawsuit alleges that members of the Settlement Class were not timely paid all wages owed, were required to incur business expenses for which they were not fully reimbursed, and seeks recovery of alleged unpaid wages, expense reimbursement, statutory and civil penalties, interest, attorneys' fees and costs. CROSSMARK denies all of the material allegations in the Lawsuit.

### SUMMARY OF THE SETTLEMENT

**A.    Why is there a Settlement?**

The Court did not decide in favor of Plaintiff or CROSSMARK. Plaintiff thinks she would have prevailed on her claims at a trial. CROSSMARK does not think that Plaintiff would have won anything from a trial. But there was no trial. Instead, both parties agreed to a settlement. That way, they avoid the costs, risks, and uncertainty of a trial, and the people affected will get compensation. Plaintiff and Plaintiff's attorneys think the settlement is fair, reasonable and adequate and in the best interests of all Class members.

**B.    Who is in the Settlement Class?**

The class includes all current and former California employees of CROSSMARK who were employed as hourly, non-exempt employees at any time from October 8, 2006 through _____, 2012 and who do not opt out of the settlement.

**C.    What does the Settlement provide?**

       1.    Maximum Settlement Amount.

CROSSMARK will pay $999,999,99 (the "Maximum Settlement Amount") to settle the lawsuit. The following sums will be paid from the Maximum Settlement Amount: (1) $25,000 to the California Labor and Workforce Development Agency; (2) Class Counsel's attorneys' fees in an amount set by the Court not to exceed $300,000 and Class Counsel's documented litigation costs in an amount set by the Court not to exceed $15,000; (3) a service payment to the Class Representative, for her services in the Action and for the release of her individual claims against CROSSMARK, in an amount set by the Court and not to exceed $10,000; and (4) a reasonable amount set by the Court to the settlement administrator for administering the settlement, not to exceed $45,000. The amount of the Maximum Settlement Amount remaining after these payments is the "Net Settlement Amount."

       2.    Individual Payment Amount.

Your share of the Net Settlement Amount will be determined by a formula which factors the number of weeks you worked for CROSSMARK as a non-exempt, hourly employee in California between October 8, 2006 and _____, 2012.

According to the records of CROSSMARK, you were employed as a non-exempt, hourly employee in California for a total of [_____] work weeks between October 8, 2006 and _____, 2012. Based on these total workweeks, your estimated share of the settlement proceeds is $_____, although this is subject to change based on the terms of the Court's final approval order.

NOTE: CROSSMARK's records will control unless you are able to provide documentation which establishes that its records are in error. If there is a dispute about whether CROSSMARK's information or yours is accurate, the court may be asked to resolve the dispute, and the court's decision will be final. For instructions on how to dispute your work weeks, see Option 1 below.

     **D.**    <u>What are you giving up to get a payment or stay in the Class?</u>

Upon the final approval of the settlement by the Court, by signing below, on behalf of myself and my heirs and administrators, I fully release and discharge CROSSMARK of any and all claims that were or could have been asserted in this Action based upon the facts alleged therein, and any and all claims, whether brought directly, representatively, or in any capacity, under any theory whatsoever, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, including state, federal, and local laws, whether for economic damages, non-economic damages, restitution, penalties, punitive damages, wages, premium payments, liquidated damages, attorneys' fees, or any other type of recovery thereon, arising out of any act, omission, transaction, or event that occurred or is alleged to have occurred up to the date of final approval of the settlement by the Court, to the extent that such claims arise out of the alleged facts, circumstances, and occurrences underlying the allegations as set forth in the Plaintiff's Complaint or in any Amended Complaint filed in this Action. Claims specifically included in this release, without limitation, include any and all claims arising under the IWC Wage Orders; California Labor Code, including, without limitation, §§ 510, 1194, 226, 201-203, 204, and 2802; California Business & Professions Code §§17200 *et seq.*; and any and all claims under the Private Attorney General Act (California Labor Code Sections 2698 *et seq.*) relating to the claims being released herein.

The Class Members' Released Claims provided by the Stipulation of Settlement include claims in any of the categories enumerated above which I do not know or suspect to exist in my favor against the Released Parties. I waive all rights and benefits afforded by section 1542 of the California Civil Code as to unknown claims in any of the categories enumerated above, and do so understanding the significance of that waiver. Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

If you do not exclude yourself from the Class and the Settlement receives final approval from the Court, you will be bound by this release.

## THE SETTLEMENT HEARING

The Court will conduct a final fairness hearing regarding the proposed settlement (the "Final Settlement Hearing") on _____, 2012, at _____, in Courtroom 750 of the United States District Court, Central District of California, located at _____, Los Angeles, California 90012. The Court will determine: (i) whether the lawsuit should be finally certified as a class action for settlement purposes; (ii) whether the settlement should be given the Court's final approval as fair, reasonable, adequate and in the best interests of the Settlement Class Members; (iii) whether the Settlement Class Members should be bound by the terms of the settlement; (iv) the amount of the attorneys' fees and expense award to Plaintiff's Attorneys; and (v) the amount that should be awarded to Plaintiff for class representative fees. At the Final Settlement Hearing, the Court will hear all properly filed objections, as well as arguments for and against the proposed settlement. You have a right to attend this hearing, <u>but you are not required to do so.</u> You also have the right to hire an attorney to represent you, or to enter an appearance and represent yourself.

## WHAT ARE YOUR OPTIONS?

- ### OPTION 1 – *DO NOTHING*

IF YOU WISH TO REMAIN A SETTLEMENT CLASS MEMBER AND OBTAIN ANY SHARE OF THE SETTLEMENT THAT YOU MAY BE ENTITLED TO RECEIVE, THEN YOU DO NOT NEED TO DO ANYTHING AT THIS TIME. <u>YOU ARE NEVER REQUIRED TO GO TO COURT OR PAY ANYTHING TO THE LAWYERS IN THIS CASE.</u> If you dispute the number of work weeks listed in Section C.2 above, or you have moved and want your settlement check mailed to a new address, send a letter and supporting documentation to:  CROSSMARK Claims Administrator, _____, _____ (the "Claims Administrator").  Any address changes or challenges to your work weeks must be sent by regular U.S. mail to the Claims Administrator and postmarked no later than _____, 2012 [30 days after mailing].  If you move, it is your responsibility to keep a current address on file with the Claims Administrator.

- ### OPTION 2 – *OBJECT TO THE SETTLEMENT*

If you wish to remain a Settlement Class Member, but you object to the proposed settlement (or any of its terms) and wish the Court to consider your objection at the Final Settlement Hearing, you may object to the proposed settlement in writing.  You may also appear at the Final Approval Hearing, either in person or through an attorney at your own expense, provided you notify the Court of your intent to do so.  All written objections, supporting papers, and/or notices of intent to appear at the Final Approval Hearing must (a) clearly identify the case name, number, and judge, (b) be submitted to the Court, either by mailing it to Clerk of the Court, United States District Court, _____, Los Angeles, California 90012, by filing it in person at any location of the United States District Court, Central District of California that includes a facility for civil filings, or by filing it electronically through the government's online filing "PACER" system, and (c) be mailed to the law firms identified below, and (d) be mailed to the Claims Administrator.  To be valid, objections must be filed and served on or before _____, 2012 [30 days after mailing].

| | |
|---|---|
| Plaintiff's Attorneys | Crossmark's Attorneys: |
| Daniel F. Gaines, Esq. | Stephen A. Fox, Esq. |
| Kenneth S. Gaines, Esq. | John Michael Gaddis, Esq. |
| Alex P. Katofsky, Esq. | Fish & Richardson P.C. |
| Gaines & Gaines, APLC | 1717 Main Street, Suite 5000 |
| 21550 Oxnard Street, Suite 980 | Dallas, TX 75201 |
| Woodland Hills, CA 91367 | |

Scott A. Miller, Esq.
Law Offices of Scott A. Miller, APC
16133 Ventura Blvd., Suite 645
Encino, CA 91436

Steven L. Miller, Esq.
Steven L. Miller, APLC
16133 Ventura Blvd., Suite 645
Encino, CA 91436

- ### OPTION 3 – *EXCLUDE YOURSELF FROM THE SETTLEMENT*

You have a right to exclude yourself ("opt out") from the Settlement Class, but if you choose to do so, you will <u>not receive any benefits from the proposed settlement</u>.  You will not be bound by a judgment in this case and you will have the right to file your own lawsuit against CROSSMARK and pursue your own claims in a separate suit.  You can opt out of the Class by completely filling out and mailing the enclosed Exclusion Form to the

Claims Administrator at the above-stated address, such that it is postmarked no later than _____, 2012 [30 days after mailing].

### ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

The above is a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you should review the detailed "Joint Stipulation of Settlement and Release" which is on file with the Clerk of the Court. The pleadings and other records in the Lawsuit may be examined at any time during regular business hours at the Office of the Clerk of the United States District Court, Central District of California, _____, Los Angeles, California 90012.

**ALL INQUIRIES REGARDING THIS LITIGATION SHOULD BE MADE TO PLAINTIFF'S ATTORNEYS:** Kenneth S. Gaines, Daniel F. Gaines, and Alex P. Katofsky, GAINES & GAINES, APLC, 21550 Oxnard Street, Suite 980, Woodland Hills, California 91367, Phone: (818) 703-8985.

**BY ORDER OF THE UNITED STATES DISTRICT COURT**

# EXHIBIT "2"

[PRINTED ON GREEN PAPER]

### REQUEST FOR EXCLUSION

**ONLY COMPLETE THIS REQUEST FOR EXCLUSION FORM IF YOU WANT TO OPT OUT OF (NOT PARTICIPATE IN) THE SETTLEMENT** OF THE ACTION KNOWN AS *ERICKA MITCHELL vs. CROSSMARK, INC, et al.,* UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA CASE NO. CV 11-2818-JAK (FMOx). **IF YOU OPT OUT OF THE SETTLEMENT, YOU WILL NOT RECEIVE ANY PORTION OF THE SETTLEMENT AMOUNT.**

I confirm that I worked for CROSSMARK, Inc. or a related company as a non-exempt, hourly employee for some or all of the time period beginning October 8, 2006 and ending _____, 2012.

**I do not wish to receive any payment under the terms of the proposed class action settlement or to otherwise participate in the proposed settlement.**

Date:_____

Signature:_____

Print Name:_____

Residence Street Address:_____

City, State and Zip Code:_____


IN ORDER TO BE VALID, THIS REQUEST FOR EXCLUSION FORM MUST BE COMPLETED, SIGNED, MAILED BY FIRST CLASS MAIL, AND POSTMARKED ON OR BEFORE [**30 days after mailing of Notice**]. Send this signed request for exclusion form to the Claims Administrator:

CROSSMARK Settlement Administrator
c/o _____

_____
_____

# EXHIBIT D

1 | Rafael G. Nendel-Flores, Bar No. 223358
2 | rafael.nendelflores@ogletreedeakins.com
   | Allison C. Eckstrom, Bar No. 217255
3 | Allison.eckstrom@ogletreedeakins.com
   | Lara C. de Leon, Bar No. 270252
4 | lara.deleon@ogletreedeakins.com
   | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
5 | Park Tower, Suite 1500
   | 695 Town Center Drive
6 | Costa Mesa, CA 92626
   | Telephone:    714.800.7900
7 | Facsimile:     714.754.1298

8 | Attorneys for Defendant CROSSMARK, INC.

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **FOR THE COUNTY OF LOS ANGELES**

11 |

12 | GAYLE SMITH, an individually, and on behalf of other members of the general public similarly situated,

Case No. BC523981

13 |

[Assigned for all purposes to Honorable William F. Highberger, Dept. 307]

14 | Plaintiff,

15 | vs.

**DEFENDANT CROSSMARK, INC.'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT**

16 | CROSSMARK, INC., a Delaware Corporation, and DOES 1-10, inclusive,

17 |

18 | Defendant.

Action Filed:    October 9, 2013
Trial Date:      None Set

19 |

20 | **TO THE CLRK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA FOR**

21 | **THE COUNTY OF LOS ANGELES AND TO PLAINTIFF GAYLE SMITH AND HER**

22 | **ATTORNEYS OF RECORD:**

23 |       PLEASE TAKE NOTICE that on November 21, 2013, defendant CROSSMARK, INC.

24 | filed in the United States District Court for the Central District of California a Notice of Removal

25 | of this action.  A true and correct copy of said Notice of Removal is attached hereto as Exhibit A.

26 | ///

27 | ///

28 | ///

1

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT

Defendant respectfully requests that this Court proceed no further in this action unless and until such time as the action may be remanded by order of the United States District Court for the Central District of California

DATED:  November 21, 2013

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: _____
Rafael G. Nendel-Flores
Allison C. Eckstrom
Lara C. de Leon

Attorneys for Defendant CROSSMARK, INC.

NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT

**PROOF OF SERVICE**
*Gayle Smith v. CROSSMARK, Inc., et al.*
Case No. BC523981

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On November _____, 2013, I served the following document(s):

**DEFENDANT CROSSMARK, INC.'S NOTICE TO ADVERSE PARTY AND STATE COURT OF REMOVAL TO FEDERAL COURT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Shawn C. Westrick | *Attorneys for Plaintiff* |
| Timothy P. Hennessy | GAYLE SMITH |
| KAWAHITO SHRAGA & WESTRICK LLP | |
| 1990 S. Bundy Drive, Suite 280 | Email: swestrick@kswlawyers.com |
| Los Angeles, CA 90025 | thennessy@kswlawyers.com |
| Telephone:    (310) 746-5300 | |
| Facsimile:    (310) 593-2520 | |

☒  **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐  **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Francisco, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒  **(STATE):** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on November _____, 2013, at Costa Mesa, CA.

Diane Vo
_____         _____
Type or Print Name                              Signature

16503978.1

DEFENDANT CROSSMARK, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

*Gayle Smith v. Crossmark, Inc., et al.*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On November 21, 2013, I served the following document(s):

**DEFENDANT CROSSMARK, INC.'S NOTICE OF REMOVAL**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

| | |
|---|---|
| Shawn C. Westrick | *Attorneys for Plaintiff* |
| Timothy P. Hennessy | GAYLE SMITH |
| KAWAHITO SHRAGA & WESTRICK LLP | |
| 1990 S. Bundy Drive, Suite 280 | swestrick@kswlawyers.com |
| Los Angeles, CA 90025 | thennessy@kswlawyers.com |
| Telephone: (310) 746-5300 | |
| Facsimile: (310) 593-2520 | |

☒  **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒  **(Federal)**  I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 21, 2013, at Costa Mesa, CA.

Diane Vo
_____
Type or Print Name

_____
Signature

16492112.1

1

DEFENDANT CROSSMARK, INC.'S NOTICE OF REMOVAL



**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| GAYLE SMITH, an individually, and on behalf of other members of the general public similarly situated, | CROSSMARK, INC., a Delaware Corporation, and DOES 1-10, inclusive, |

| (b) County of Residence of First Listed Plaintiff   Los Angeles | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Shawn C. Westrick / Timothy P. Hennessy<br>KAWAHITO SHRAGA & WESTRICK LLP<br>1990 S. Bundy Drive, Suite 280<br>Los Angeles, CA 90025, Tel. (310) 746-5300 / Fax (310) 593-2520 | Rafael G. Nendel-Flores / Allison C. Eckstrom / Lara C. de Leon<br>OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.<br>695 Town Center Drive, Ste. 1500, Costa Mesa, CA 92626<br>(Tel) (714) 800-7900 / Fax: (714) 754-1298 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☐ 2. U.S. Government Defendant

☐ 3. Federal Question (U.S. Government Not a Party)

☒ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☒ MONEY DEMANDED IN COMPLAINT: $ Unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Class Action Fairness Act (28 U.S.C. §§ 1332(d))

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 881 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**CV13-08624**

| FOR OFFICE USE ONLY: | Case Number: | |
|---|---|---|
| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| [x] Yes    [ ] No | [x] Los Angeles | Western |
| If "no, " go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?  Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?  Then check the box below for the county in which the majority of PLAINTIFS reside. | |
| [ ] Yes    [x] No | [ ] Los Angeles | [ ] Los Angeles | Western |
| If "no, " go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [x] | [ ] |
| Indicate the location in which a majority of claims arose: | [ ] | [ ] | [ ] | [ ] | [ ] | [x] |

**C.1. Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column C

[ ] only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true?  If so, check the one that applies:**

[ ] 2 or more answers in Column D

[ ] only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**IX(a).  IDENTICAL CASES:** Has this action been previously filed **in this court** and dismissed, remanded or closed?   [x] NO     [ ] YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed **in this court** that are related to the present case?   [ ] NO     [x] YES

If yes, list case number(s):   Mitchell v. Crossmark, Inc., Case No. CV11-2818-JAK (FMOx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [x] A. Arise from the same or closely related transactions, happenings, or events; or

[x] B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):**   Rafael Nendel-Flores        DATE:  November 21, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

**CERTIFICATE OF SERVICE**
*Smith v. Crossmark, Inc.*

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On November 21, 2013, I served the following document(s), described as:

**CIVIL COVER SHEET**

☒   **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on November 21, 2013, at Costa Mesa, California.

Diane Vo
Type or Print Name                                    Signature

16503713_1.DOC

1
CERTIFICATE OF SERVICE

**SERVICE LIST**
*Smith v. Crossmark, Inc.*

Shawn C. Westrick
Timothy P. Hennessy
KAWAHITO SHRAGA & WESTRICK LLP
1990 S. Bundy Drive, Suite 280
Los Angeles, CA 90025
Telephone:   (310) 746-5300
Facsimile:   (310) 593-2520

*Attorneys for Plaintiff*
GAYLE SMITH

Email: swestrick@kswlawyers.com
thennessy@kswlawyers.com

16503713.1

16503713_1.DOC